THOMSON BROS. ET AL. v. J. M. LYNN.

Decided May 11, 1904.

**1.—Undisputed Fact.**

Where a certain fact is proved by undisputed evidence it need not be submitted to the jury.

**2.—School Land—Lease—Renewal.**

A lessee of school lands, holding a two-year lease, paid into the treasury the amount of the second year's rent before the expiration of the sixty days allowed him in which to pay, but with the intention that the present lease should be canceled and this payment should apply on a new five-year lease, to which the commissioner agreed and gave a new lease. Held, that neither the lessee nor the commissioner could abandon the original contract with the State and the rent being paid before the expiration of the old lease should be applied to it and the new lease was consequently void.

Appeal from the District Court of Schleicher. Tried below before Hon. J. W. Timmins.

*N. A. Rector,* for appellants.

*Brown & Silliman,* for appellee.

JAMES, CHIEF JUSTICE.—The action was trespass to try title brought by J. M. Lynn in reference to Galveston, Harrisburg & San Antonio Railway Company sections 22, 23, 26 and 27 in block M, in Schleicher County.

The verdict was for defendants for sections 22 and 26 under instruction, and in favor of Lynn for Nos. 23 and 27 by the finding. The questions affect the latter surveys only.

The charge given instructed the jury to find for plaintiff for said surveys 23 and 27 if they found that Lynn was on June 12, 1902, an actual settler in good faith on section 23 and that he has made said section his home since that time, otherwise to find for defendants. The fourth assignment of error is that the instruction was erroneous in failing to charge that before plaintiff could recover he must show that prior to making his application to purchase No. 23 (which was on June 12, 1902) he had settled thereon in good faith for the purpose of making the same his home. As the undisputed evidence was to that effect, it was not necessary for the court to submit such question, and the finding in respect to such issue was necessarily the right one.

The facts upon which depends the validity of a certain lease No. 31903 were not submitted to the jury, but determined by the court on a hearing of testimony connected with such lease, which hearing resulted in its rejection as evidence. The correctness of this action is brought into question here by bills of exceptions and several assignments of error.

The testimony upon which the court acted in excluding said lease as testimony was substantially as follows:

On October 25, 1899, a lease, No. 23438, of certain lands was executed by the Commissioner of the General Land Office to T. J. and R. H.

Ellis to run for two years from August 26, 1899, the yearly rental being $307.20, which was paid for the first year and the lease duly recorded. This lease T. J. Ellis became the sole owner of, prior to October 25, 1900.

On October 24, 1900, T. J. Ellis filed in the Land Office his application to lease the very lands embraced in his said lease 28438, and on October 25, 1900, deposited in the office of the State Treasurer the sum of $307.20 as first payment of rental thereon.

On October 29, 1900, the Commissioner officially canceled lease No. 28438 for nonpayment of the second year's rent, the sixty days having expired in which the lessee therein had a right to make such payment.

On November 3, 1900, Ellis deposited with the State Treasurer $49.40 as back rent on said lands. This appears to have been done in pursuance of the Commissioner's letter to Ellis' agent, as follows:

"AUSTIN, Texas, Oct. 31, 1900.

"Mess. Thomson & Donnan, Austin, Texas:

"Gentlemen.—T. J. Ellis' application No. 31903 for the lease of 10,240 acres of public free school lands in Schleicher County was this day accepted for a term of five years beginning October 24, 1900. You will send to Hon. John W. Robbins, State Treasurer, Austin, Texas, the sum of $356.60 first annual rental, at once, if not already sent. If money has been deposited with the State Treasurer as required by law, there is no necessity of your notifying this office, upon receipt of this award, that money has been sent. However, no lease will be granted if the land should be in demand for settlement before your contract is issued. This award embraces all applied for.

"Back rental on lease 28438...............................$ 49.40
"This award .......................................... 307.20
                                                        ─────────
                                                       ′ $356.60

"Very respectfully,
          "JOHN J. TERRELL, Chief Clerk."

This lease for five years (No. 31903) to T. J. Ellis bears date October 31, 1900, to run five years from October 24, 1900, and embraced the identical lands that were in No. 28438, including sections 23 and 27. This lease was shown to have been recorded in Schleicher County on December 7, 1900. The date the Commissioner sent this lease to the county clerk for record was not shown.

Defendants also showed by Mr. Donnan, of the firm of Thomson & Donnan, that R. M. Thomson, to the best of his recollection, who was then in Schleicher County, sent him Ellis' checks and application to lease with instructions to deposit the checks with the State Treasurer with Ellis' application to lease. By Thad A. Thomson, that he was not a member of the firm of Thomson & Donnan, but that when R. M. Thomson was absent as he was on October 24, 1900, he frequently represented Thomson in the Land Office; that he filed in the Land Office

Ellis' application to lease the lands, on October 24, 1900; that the application was for ten years; that he learned the Commissioner had rejected it; that he called on the Commissioner and explained to him that Ellis did not intend to pay on the old lease, and that more than sixty days had expired since the rent was due on the old lease, and that it was his duty to cancel the old lease for nonpayment of rent and lease it to the applicant; that the Commissioner then consented to make the lease for five years.

Ellis was asked the following question: "Is it not true that it was your purpose not to pay on the original lease to you or your brother R. H. Ellis, but to let it forfeit and take a new lease in your own name covering the same lands, and did you not personally so instruct R. M. Thomson, Sr., while he was in Schleicher County?" To which interrogatory he answered: "Yes, it was my purpose not to pay on the original lease to myself and brother, but desired to let it be canceled and take a new lease in my own name covering the same lands, and I so instructed R. M. Thomson, Sr., while he was in Schleicher County."

Upon the foregoing testimony plaintiff objected to the introduction of the lease 31903, (1) because the back rent on the lands was not paid when the contract was executed; (2) because it showed that the $307.20 was paid into the treasury, being the amount due on lease 28438 by T. J. Ellis, the holder of same, within the sixty days after the said lease rental became due on same, and because the law would apply said amount on said lease and said lease 31903 would be void under the Ketner decision; and (3) because the old lease No. 28438 was a valid and subsisting lease at the time No. 31903 was made. The court sustained objections 2 and 3, and overruled the first.

When Ellis on October 24th deposited 307.20 with the Treasurer it paid one year's rental for the lands included in his then existing lease. He paid this within the sixty days allowed him in which to make payment for the second year. At that time he had no right to a new lease, nor the Commissioner to grant him one. It is true he made the deposit in connection with an application for a new lease with the expectation and for the purpose of getting such new lease. But it is true also that if the Commissioner had after the 25th refused to cancel the first lease, Ellis could have held the lease for the second year on that deposit. Or if the Commissioner had canceled the lease, but had refused him a new one, he could nevertheless have contended that he was entitled to the land under the first lease for another year, having in fact paid the amount of the rental into the State treasury within the statutory time, and in such contention we think he would have been sustained.

The new and the old lease being held by the same person and embracing the same lands and no other, that person being by contract obligated to the State to continue the first lease to the end of the second year, his payment into the State treasury on October 25th of a year's rental before the expiration of such lease should be treated as paying such year's rent, although he contemplated and intended it should go to pay a year's

36 Civ.—6

rent under a new lease of the same lands. The payment was for a year's rent on the lands. Ellis had no legal right to abandon his contract with the State and have his lease canceled. His contract was to pay the State $307.20 for a second year, and in our opinion the court held correctly, under the circumstances, that the deposit which was made on the 25th of October the law applied on the then existing lease. This being so, lease No. 31903 was void, and it was no obstacle to plaintiff's application to purchase which was made June 12, 1902.

The first assignment of error is not sustained. A motion to quash a deposition was overruled, but the deposition was not used.

The second assignment complains of the exclusion of the lease No. 31903 as evidence. It appears from the bill that when this lease was offered it was objected to because it did not sufficiently describe the lands, which objection was overruled. Thereupon plaintiff requested the court "to allow him to introduce as preliminary evidence before the court other testimony, after which he would make other objection to said lease contract." This the court permitted and the evidence above stated was then heard by the court, both parties joining in such proceeding, and in adducing the testimony. Appellant made no objection to the proceeding. Upon the testimony introduced by both parties, we have concluded the court did not err in holding said lease invalid. Appellant is not in a position to complain of the manner in which the facts concerning the lease were brought to the knowledge of the court. If the lease had been admitted, the court would upon the same facts doubtless have charged the jury that it was void, and hence, if the court was right in holding it void on the undisputed facts, we fail to see how appellant was injured by it not having been admitted.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.