## STEED v. DAY.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1914.)

FRAUDS, STATUTE OF (§ 33*)—DEBT OF ANOTHER — PROMISE TO PAY—ORIGINAL OR COLLATERAL PROMISE.

Defendant's tenant, having sold plaintiff a horse to be credited on the tenant's account with plaintiff, drove the horse to plaintiff to make delivery, when defendant requested that the tenant be permitted to retain the horse to make his crop; defendant promising that if plaintiff would grant such permission and would make such additional advances as were necessary to enable the tenant to make his crop defendant would pay plaintiff the balance of the tenant's indebtedness plus the additional advances, to which plaintiff acceded. *Held*, that defendant's promise to pay the tenant's debt was an original one based on an independent consideration, and was therefore not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by L. E. Steed against D. W. Day. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Chapman & Coombes, of Anson, for appellant. J. W. Boynton and C. C. Ferrell, both of Anson, for appellee.

CONNER, C. J. The appellant instituted this suit against the appellee in the county court of Jones county on the 7th day of June, 1912, to recover the sum of $203.75, together with interest and costs of suit.

Appellant's petition is quite lengthy, and we will not undertake to set it out fully. We think it will be sufficient to state that, among other things, the appellant alleged, in sub-

stance: That on the 1st day of January, 1911, one Henry Day was indebted to the appellant in the sum of $173.20, which upon that day, by reason of the facts alleged, became a stated account. That for the crop year of 1911 Henry Day was a tenant upon the farm of the defendant, D. W. Day, under a contract to pay the rental therefor with a portion of the crop grown and raised thereon during the year. That while so indebted said Henry Day sold to the plaintiff a certain horse at the agreed price of $125, which by the terms of the sale was to be applied as a credit to that extent upon the said agreed balance of $173.20. That soon thereafter and pursuant to the contract of sale Henry Day brought the horse and tendered delivery thereof, but that the defendant, D. W. Day, who had accompanied the said Henry Day, represented that said horse was necessary in order for Henry Day to make his contemplated crop; that he, the said D. W. Day, himself was unable to furnish another horse; and he therefore specially requested the plaintiff to permit the said Henry Day to retain the horse, promising that if he, the plaintiff, would do so and would make additional advances necessary for the said Henry Day in making his crop, that he, the said D. W. Day, would pay to appellant the said agreed balance of $173.20, plus such additional advances as the plaintiff should make to the said Henry Day during the crop year of 1911. That the plaintiff being thereto induced by said request, and relying upon the said promise of the defendant, D. W. Day, permitted said Henry Day to retain the horse mentioned and thereafter during the year furnished to the said Henry Day, in order to enable him to plant, raise, harvest, and market his crop of that year, certain supplies amounting in the aggregate to the sum of $49.21. That, at the time of this promise on the part of D. W. Day, Henry Day had property situated in Jones county subject to execution sufficient for the plaintiff to have made his said debt, but that since said time he had become insolvent and had removed from the state. There are a number of other allegations in the petition not deemed material, though we should perhaps add that it was charged that from and after the agreement of the defendant to pay the Henry Day debt the latter had been discharged and that the plaintiff relied alone upon the defendant for the payment of the debt for which the suit had been instituted.

The defendant presented general and special exceptions. The court overruled the general demurrer, but sustained defendant's special exceptions 2 and 4, which are as follows: "Defendant specially excepts to said amended original petition wherein plaintiff seeks to hold this defendant liable for the item of indebtedness amounting to $173.20, because it is there shown that defendant's

promise was a collateral undertaking and hence comes within the statute of frauds of the state of Texas." "Defendant further specially excepts to said amended petition or that part of it wherein it is alleged that D. W. Day promised to pay the item of $173.20, because it affirmatively appears by plaintiff's allegations that, if any such promise was made by the defendant, it was without any consideration whatever, and hence comes within the statute of frauds of the state of Texas."

The plaintiff having declined to amend, judgment was rendered against him, and the court's action in sustaining the exceptions quoted has been assigned as error in this court. Our statute of frauds (Revised Statutes, art. 3965), so far as applicable, provides that "no action shall be brought in any of the courts to charge any person upon a promise to answer for a debt, default, or miscarriage of another, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof shall be in writing and signed by the parties to be charged therewith." But whether or not in a given case the promise declared upon is within the statute is often difficult of determination, and the decisions, which both here and elsewhere are very numerous, do not always seem to be entirely harmonious. At this time and in this case no attempt will be made to review the authorities generally in view of the fact that the subject has been treated with some particularity in an opinion by Associate Justice Dunklin, this day rendered in case No. 7845, I. W. Williams v. City National Bank, 166 S. W. 130, to which reference is here made for a comprehensive view of the authorities. In this case it is thought to be sufficient to say that, as alleged, in our opinion the defendant's promise to pay the debt of Henry Day is not to be considered as merely a collateral undertaking on the defendant's part. To be within the statute, the promise must be subsidiary to that of the original debtor. The general rule, as stated by Chief Justice Hemphill in Lemmon v. Box, 20 Tex. 329, is "that whenever the main purpose and object of the promissor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may in form be a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another." Tested by this rule, it would seem that the defendant, D. W. Day, in promising to pay the stated account of Henry Day, was subserving a purpose of his own and not merely guaranteeing the payment of a debt of another. As alleged, he thereby procured for his tenant the means of making a crop, from which the defendant hoped to profit. The plaintiff, having in reliance upon the promise released a valuable right and advanced future supplies at the instance of and for the benefit of the defendant, furnished a consideration for the defendant's promise which we think under the circumstances alleged binds him notwithstanding a failure to put the promise in writing. Thus, in the case of Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291, a wife verbally promised to pay a debt of her deceased husband in consideration of certain advances and of the plaintiff's forbearance in not foreclosing a deed of trust that had been executed by the husband. It was held that the wife's promise under the circumstances was not within the statute and that she was bound thereon.

We conclude that the court erred in sustaining the exceptions noted, and that the judgment should be reversed, and the cause remanded for a trial upon the merits.