### RAMSEY v. BEALL. (No. 7521.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1926.)

**1. Frauds, statute of ⚫≈158(1).**

A party, seeking to hold a promisor liable as an original and independent debtor on his verbal contract to pay another's debts, has the burden.

**2. Appeal and error ⚫≈930(1).**

On appeal, full credence should be given the testimony of the appellee in view of the verdict.

**3. Frauds, statute of ⚫≈23(3)—Oral promise to "stand good" for another and to see that goods furnished him would be paid for was invalid under statute.**

Where landlord orally promised to "stand good" for supplies and merchandise furnished to his tenant, and to "see that the same was paid for," *held* promise invalid under the statute of frauds.

Appeal from San Patricio County Court; J. C. Russell, Judge.

Action by J. E. Beall against J. A. Ramsey and W. L. Holland. From a judgment in favor of plaintiff, defendant Ramsey alone appeals. Affirmed as to defendant Holland; reversed and rendered as to defendant Ramsey.

Dougherty & Dougherty, of Beeville, for appellant.

J. C. Houts, of Sinton, for appellee.

FLY, C. J. Appellee instituted this action against J. A. Ramsey, appellant, and W. L. Holland, on an open account for certain goods, wares, and merchandise sold to said Holland; the sums charged therefor aggregating $232.48. The cause was presented to a jury upon special issues, and, based on the answers of the jury, judgment was rendered in favor of appellee as against W. L. Holland and appellant. From that judgment J. A. Ramsey alone prosecuted an appeal.

The evidence of appellee was to the effect that Holland was a tenant of appellant, and that the latter came into the store of appellee early in January, 1924, and requested appellee to furnish supplies during the year to said Holland, and that he (Ramsey) "would stand good for all such supplies and merchandise * * * and see that the same was paid for." This was denied by appellant, but the jury credited the testimony of appellee.

[1] The only vital question in this case is as to whether the promise made by appellant is within the purview of the statute of frauds (Rev. St. 1925, art. 3995), which provides:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * * 2. To charge any person upon a promise to answer for the debt, default or miscarriage of another. * * *"

Appellant pleaded that statute as granting him immunity from liability for the value of the supplies furnished his tenant. In this connection it must be kept in view that, when a suit is founded on a verbal contract to pay another's debt, the burden is on the party who seeks to hold the party liable as an original and independent debtor. Henry v. Kizer (Tex. Civ. App.) 33 S. W. 278; Ridgell v. Reeves, 2 Willson, Civ. Cas. Ct. App. § 436.

[2, 3] The testimony of appellee, when given full credence, as should be given in view of the verdict, fails to show that the undertaking of appellant to pay for goods and merchandise purchased by Holland was an original contract upon the part of appellant, independent of the liability of the tenant. We quote appellee's testimony, which is unsupported by any other testimony. He said:

"During the first week of January, 1924, defendant J. A. Ramsey came into my store, coming in at the back entrance, and approached me where I was sitting at my desk, and told me that he had a tenant on his farm by the name of W. L. Holland, and that he (Ramsey) would like for me to furnish his tenant with supplies and merchandise, during the year 1924, and charge the same to Holland's account. I told defendant Ramsey that I did not know Mr. Holland, and that I would not extend any credit to Holland, and would not furnish supplies to Holland, but that I would furnish Holland with supplies for the year 1924, if he (Ramsey) would stand good for said supplies and merchandise and see that the same was paid for, and that defendant Ramsey then stat-

ed to me that he would stand good for all such supplies and merchandise as I would furnish W. L. Holland during the year 1924, and see that the same, was paid for."

He stated that afterwards appellant and Holland came to the store, and appellant introduced him to appellee, and said "to let him have what he wanted from the store, and that he (Ramsey) would see to it that it was paid as he had before agreed." This is all the testimony as to Ramsey having made a contract for the goods and binding himself to pay for the same. Both Ramsey and Holland denied that appellant had ever made any agreement as to paying for the goods.

Appellee evidently did not think that appellant was originally and independently bound as the purchaser of the merchandise, for he did not charge any item to appellant, but to Holland, and furnished only the latter with credits slips, which did not mention the name of Ramsey. No testimony was presented tending to show that appellant agreed to pay unconditionally for all goods sold to Holland, but merely that, if Holland did not pay, appellant would. The testimony at most made only a suretyship on the part of appellant.

That appellee did not consider that appellant was liable for the debt is evidenced by the fact that he made no attempt, for quite a while, to collect the debt from appellant, but looked alone to Holland. When in September he heard that Holland was about to leave appellant's farm, he had no communication with the latter, but on his own initiative went to the farm and induced Holland to sign a note for the amount of merchandise he had bought, and tried to induce him to sign a mortgage on certain cattle owned by Holland. All this was done, he said "out of consideration for Dr. Ramsey," but the fact remains that he wanted Holland to get Dr. Ramsey or some other person to sign the note as security. The action of appellee in securing the note clearly indicates that at that time he did not consider appellant bound for the debt. If appellant had been liable the evidence tends to show that appellee needed no other security and would not have sought for any other.

The evidence of appellee brings the case fairly within the purview of the statute of frauds. It is clearly a case of a verbal promise to answer for the debt, default, or miscarriage of another, and was so considered by appellee. His account of the transaction makes it a promise to so answer, and his acts confirm his words. This case is fully within the scope of the law as interpreted in Fletcher v. Puckett (Tex. Civ. App.) 170 S. W. 831. The facts in that case are quite similar to those in this case. It was a case of a landlord obtaining credit for supplies for a tenant on a farm, in that instance the son of the landlord, by "standing good" for the supplies under a verbal contract. It was held that an oral promise to pay for groceries and merchandise furnished to another was invalid under the statute of frauds, though the original debtor was the promisor's son and tenant, and the furnishing of the goods was incidentally beneficial to the promisor, in that it enabled the tenant to live while making a crop.

The case of Roach, Stansell & Crane v. Timpson (Tex. Civ. App.) 170 S. W. 863, can be readily differentiated from this case. In that case the parties sought to be bound were really the direct beneficiaries of the sale, for the purchase money in which they contracted to become liable. As said in that case:

"There was every reason why appellants should want the coal delivered. They not only were receiving 10 per cent. on all these bills paid for subcontractors, but they did not want the work to stop when they were under contract to finish the work for the Medina Irrigation Company. It matters little that Bennett ordered the coal. It was sold to appellants as well as Bennett, and was an original undertaking on part of Roach, Stansell & Crane to buy the coal along with Bennett."

The case has no bearing on the facts of this case. In the case of Steed v. Day (Tex. Civ. App.) 164 S. W. 1057, there was an unconditional promise by the landlord to pay for a horse already delivered to the tenant and for all supplies furnished him. There was no promise to "stand good" but "to pay" the amount for the horse if the owner would allow the tenant to keep him and to pay for the supplies.

Appellant in this case, according to the evidence of appellee, did not agree to pay the debts of Holland, but merely to "stand good" for him. The goods were charged to Holland, and appellee took a promissory note for the amount of the account from Holland.

The judgment as to Holland is affirmed, but as to appellant is reversed, and judgment here rendered that appellee take nothing as to him and pay all costs in this behalf expended.