## LEVIN v. INTERNATIONAL–GREAT NORTHERN R. CO. et al.

### No. 2615.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

Harry Dow, of Houston, for plaintiff in error.

Williams, Lee, Hill, Sears & Kennerly, Franklin & Blankenbecker, E. A. Kelly, and T. E. Kennerly, all of Houston, for defendants in error.

**HIGGINS, J.**

In November, 1928, plaintiff in error, a merchant in Houston, ordered a quantity of hats from a manufacturer in the East and directed same be shipped over the Mallory Steamship Company via Interurban Express. The Interurban Express is operated by the Galveston & Houston Electric Company between Galveston and Houston. It receives freight from the Mallory Line at Galveston, transports it to Houston and delivers same to the consignee at his place of business. It usually makes delivery to the consignee's place of business in Houston the same day it is received at Galveston. Plaintiff in error routed all of his shipments this way.

The manufacturer consigned the hats to plaintiff in error and routed the shipment as directed, the bill of lading issued by the initial carrier in the East providing: "Route Mallory Line % Interurban Exp." The cartons in which the hats were shipped were marked: "Mallory Steamship % Interurban Express."

The shipment reached Galveston December 13th. On the same day, at 7 p. m., the Mallory Line at Houston mailed plaintiff in error a notice of arrival, advising: "Due to reach destination via IGN 12/15."

This notice was received by plaintiff in error on the 14th. The shipment arrived in Houston on the 15th. On the same day plaintiff in error made inquiry at Houston of the railway company concerning the shipment, and was informed it had not arrived. He was advised notice would be given him as soon as it did arrive. On December 28th he called up Mr. Homer of the Mallory Line and asked that the shipment be traced. He then learned the shipment was in Houston at the International-Great Northern, and it was later delivered to him.

The evidence in behalf of defendants in error is that the International-Great Northern mailed a notice of arrival to plaintiff in error on December 17th. Plaintiff in error denies the notice was ever received.

The hats were intended for the Christmas trade, and there was a decrease in their market value during the delay in delivery. This suit is to recover the damage sustained by the delayed delivery.

The issues submitted and answers returned are as follows:

1. "Did or did not the International-Great Northern Railroad Company deposit in the United States Mail a freight arrival notice, addressed to the Plaintiff, Abe Levin, within a reasonable time after the arrival of said shipment at its freight office?" Answer: "It did."

2. "Did or did not the Plaintiff, Abe Levin, use reasonable diligence, after he had received notice of the shipment via I. G. N. from the Mallory Steamship Line, in seeking to ascertain the arrival of the shipment of I. G. N. freight office?" Answer: "He did not."

3. "When did the Plaintiff, Abe Levin, actually learn of the arrival of said freight shipment at the I. G. N. freight office?" Answer: "December 28th, 1928."

4. "What amount of money do you find represented the difference in the market value, at Houston, Texas, of the shipment on December 15, 1928, and the time the Plaintiff, Abe Levin, actually had notice of the arrival of the shipment of I. G. N. freight depot?" Answer: "$265.00."

Both sides filed motions for judgment on the findings. Plaintiff in error's motion was overruled, and judgment rendered denying him recovery of the amount fixed by the fourth finding, but awarding judgment for $24 admitted to be due for loss of some of the hats and injury to some of those delivered.

■ Error is assigned to refusal of a peremptory charge to find for plaintiff. This was properly refused, for the amount of damages sustained was an issue for the determination of the jury.

Error is also assigned to the overruling of objections to the first and second issues. Some of these objections are well taken, but it is unnecessary to discuss this phase of the

appeal, because it would require merely a remand, and for the reasons to be now stated the judgment should be reversed and here rendered for the error in overruling the motion of plaintiff in error for judgment.

■■ The undisputed evidence shows a deviation from the routing stipulated in the bill of lading and delayed delivery.

The fourth finding fixes the damage resulting from the delay.

In 4 R. C. L. 816, it is said: "It is indubitable that a carrier is liable for a loss happening in consequence of an unnecessary deviation. * * * The general rule therefore may be said to be that a carrier is liable for an injury or loss arising in case of a deviation, regardless of the question of proximity of cause, and the reason given is that the carrier, by deviating from the route described in the bill of lading, has broken the warranty not to deviate, thereby giving the shipper the right either to rescind the contract of shipment and treat the goods as converted by the deviator, or to accept the goods, holding the carrier responsible for damage subsequent to warranty broken, without any reference to the question whether deviation had any bearing on the particular loss complained of. And of course where the action is for damages for breach of contract, rather than for negligence in its performance, the question of proximate cause has nothing to do with the case."

In 10 C. J., title "Carriers," §§ 83, 84, it is said: "Where goods are tendered to a carrier for transportation with specific shipping directions from the consignor, to which it assents, it assumes the obligation to follow such directions and is liable for loss or injury resulting from its failure to do so, and this is so whether there is or is not an express contract to follow such directions evidenced by bill of lading or otherwise."

In Texas & P. Ry. Co. v. Eastin & Knox, 100 Tex. 556, 102 S. W. 105, 106, Chief Justice Gaines said: "It is elementary law that, if a carrier deviates from the route fixed by his contract, he becomes responsible for all loss, which occurs either on his own or his connecting lines. By the deviation he becomes an insurer of the goods."

In Southern Pac. Co. v. Booth (Tex. Civ. App.) 39 S. W. 585, Justice Neill, in sustaining an award of damages for diminished market value due to delayed delivery, said: "By such deviation the company assumed the risk of any loss that might occur, and became an insurer of the property at all events. Johnson v. Railroad Co., 33 N. Y. 610 [88 Am. Dec. 416]. However, the oats were safely carried over the devious route, and reached their destination, undamaged, as soon as they would had they been carried by the road over which they were routed. The only consequence of the deviation was appellee's fail-

ure to receive prompt notice of the arrival of the goods. When he received notice, their market value had diminished, and for this diminution the court awarded him, as damages, the sum recovered by the judgment."

The case seems to be directly in point.

The authorities in this and other jurisdictions uniformly support the rule stated in Ruling Case Law and Corpus Juris as quoted above.

We are therefore of the opinion that, by its failure to observe the routing from Galveston to Houston as provided in the bill of lading, the Mallory Line became an insurer of prompt delivery of the shipment to plaintiff in error, and is liable for the damages resulting from the delay in delivery. Upon this view it follows that the first and second findings are immaterial, should have been disregarded by the Court in rendering judgment [Brokaw v. Collett (Tex. Com. App.) 1 S.W. (2d) 1090], and the motion of plaintiff in error for judgment should have been sustained.

■■ In this connection defendants in error assert that under Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, the issue of deviation was waived by plaintiff in error because he did not request the submission of such issue. The doctrine of waiver announced in that case has no application to issues of fact which are not controverted, for it is neither necessary nor proper to submit such issues. Lamar v. Ry. Co. (Tex. Com. App.) 248 S. W. 34; Pullman Co. v. Custer (Tex. Civ. App.) 140 S. W. 847; Thompson Bros. v. Lynn, 36 Tex. Civ. App. 79, 81 S. W. 330; Missouri, K. & T. Ry. Co. v. Box (Tex. Civ. App.) 93 S. W. 134.

The bill of lading shows that the goods were routed from Galveston to Houston over the Interurban Express. The notice of arrival, dated December 13th, sent by the Mallory Line, showed that the goods were "due to reach destination via I. G. N. 12/15." The testimony of the defendants' witnesses shows it arrived in Houston over the International-Great Northern Railroad Company. The documentary evidence and all the oral testimony shows a deviation as a matter of law, and the doctrine of the Ormsby Case has no application to such issues. Galveston, H. & S. A. Ry. Co. v. Standard Rice Co. (Tex. Civ. App.) 34 S.W.(2d) 619 (writ dismissed).

■■ There is another reason why the first and second findings should have been treated as immaterial and disregarded.

The plaintiff's action is based upon a delayed delivery. It is undisputed there was such delay, but defendants in error seek to avoid liability for the resulting damage upon the theory:

First. That they used due diligence to notify Levin of arrival in Houston by mailing notice of such arrival to him, and, though he

denied receiving the notice, it is nevertheless presumed, in support of the judgment, that the court found that he did receive such notice.

Second. That Levin was negligent in failing to ascertain the arrival at the International-Great Northern freight office in Houston.

The first and second issues are predicated upon these two theories.

This is all affirmative defensive matter in avoidance of the damage caused by the delayed delivery. Matter of that nature must be specially pleaded.

The Mallory Line filed simply a general demurrer and general denial. The general denial did not raise these affirmative defensive issues.

The railroad company answered by general demurrer, general denial, and some special pleas which are foreign to the first and second issues. But it is immaterial whether the railroad company's answer raises such issues, for the Mallory Line was the one that made the deviation and is the one that should respond in damages.

Since issues 1 and 2 were not raised by the pleadings, the findings upon such issues were immaterial and should have been disregarded. Brokaw v. Collett, supra, and cases cited.

Much of the brief of defendants in error is devoted to discussion of the proposition that they were not guilty of conversion; also as to the liability of warehousemen as distinguished from that of carriers. This is all irrelevant matter, and calls for no discussion by this court.

Reversed, and judgment here rendered against both defendants in error for $24, admitted to be due for loss and damage, and against the Mallory Steamship Company for $265 for diminished market value as fixed by the fourth finding.

Reversed and rendered.