The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Court of Civil Appeals of Texas. Beaumont. Nov. 10, 1933.

Denman & Fowler, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the county court of Nacogdoches county to recover the sum of $216.82, the value of goods, wares, and merchandise sold to William and Eugene Dempsey, brothers, and who were tenants of appellant, alleging that the goods, wares, and merchandise were sold to said tenants at the

special instance and request of appellant, and upon his (appellant's) promise to pay for same.

Appellant answered by general demurrer, general denial, and specially denied that he at any time promised appellee to pay for the merchandise sold to the Dempsey brothers, and further answered that said promise, if made as alleged by appellee, was not in writing and was a promise to answer for the debt, default, or miscarriage of another and hence, under the statute of frauds, was not enforceable.

The case was tried to a jury upon one special issue, to wit: "Did defendant, Cleveland Kinney, agree to pay plaintiff, H. G. Pearce, for the merchandise sold by H. G. Pearce to the Dempseys during the year 1930?" The jury answered this issue, "Yes." Judgment was rendered in favor of appellee, and appellant brings this appeal.

 Appellant's first assignment of error complains that the court erred in refusing his requested special issue No. 1, which was: "In the event you have answered special issue No. 1 'Yes', then you will answer the following special issue: 'At what time do you find the defendant, Cleveland Kinney, agreed to pay for the merchandise in question'? You will answer this issue by stating the day, month and year as you find the facts to be."

It is insisted that it was error to refuse the issue because if the jury should find that the promise was made after the goods were sold to the Dempsey brothers, then the promise could not be enforced for want of consideration. The assignment is overruled. Appellee's petition clearly alleged that the merchandise was sold to the Dempsey brothers, tenants of appellant, at the special instance and request of appellant; the appellant promising to pay for same. That the account began January 6, 1930, and continued to its close November 14, 1930. Appellee testified positively that appellant requested him to sell the merchandise to the Dempseys, and that he (appellant) would pay for same; that he did not let the Dempseys have any of the merchandise before the agreement with appellant; and that the account showed the goods charged to appellant gotten by the Dempseys. That the merchandise was not charged to the Dempseys.

In appellant's answer he denied the allegations of appellee, and testified that at no time did he request appellee to sell goods to his tenants, the Dempseys, and that he would pay for them. He said that he had no such conversation with appellee, and that appellee did not ask him to be responsible for merchandise sold to the Dempseys. This was the only issue necessary to be submitted to the jury. As we view the record, there is no dispute as to when the alleged agreement between appellant and appellee was made. It is not necessary to submit undisputed matters to the jury.

 Appellant's second assignment complains that the court erred in refusing his second special issue requested inquiring whether the agreement between appellant and appellee that appellant would pay for the merchandise sold to the Dempseys was oral or in writing. There is nothing in the record to show the promise or agreement was in writing. All the testimony is that it was oral. Where facts are not in dispute, there is no necessity to submit their finding to a jury. It is only where an issue of fact is in dispute that its submission to a jury is required. The assignment is overruled.

Under the finding of the jury, the promise of appellant was an original undertaking, and not collateral, and therefore the statute of frauds (Rev. St. 1925, art. 3995) did not apply. The rule is well settled that if goods are sold or services performed for one party upon the promise of another to pay for same, the promisor is liable, not for the debt of another, but for his own obligation. In such case, credit having been extended to such promisor, he becomes primarily liable. His obligation to pay is an original undertaking and liability. Steed v. Day (Tex. Civ. App.) 164 S. W. 1057; Evans v. Shaw (Tex. Civ. App.) 268 S. W. 1037; First Nat. Bank v. Greenville Oil & Cotton Co., 24 Tex. Civ. App. 645, 60 S. W. 828, 830; Bejil v. Blumberg (Tex. Civ. App.) 215 S. W. 471; Powell v. McGee (Tex. Civ. App.) 258 S. W. 257; Lemmon v. Box, 20 Tex. 329.

The judgment should be affirmed, and it is so ordered.

Affirmed.