### WHITTINGTON et al. v. GLAZIER et al.
### No. 4581.

Court of Civil Appeals of Texas. Texarkana.
April 2, 1935.

Rehearing Denied April 11, 1935.

G. R. Whittington and J. V. Leak, both of Longview, and Wm. Hodges, of Texarkana, for appellants.

Wynne & Wynne and W. H. Sanford, all of Longview, for appellees.

JOHNSON, Chief Justice.

The heirs of John Bumpus, deceased, owned lands in the Wm. H. Castleberry H. R. survey, a part of which lands was a 91-acre tract. One of the children, J. C. Bumpus, owned a 72-acre tract in the same survey, and adjoining the 91-acre tract on the east. April 4, 1927, J. C. Bumpus purchased from the other heirs of John Bumpus 2 acres out of the east side of the 91-acre tract, for a building site. The consideration expressed in the deed is that a like number of acres "shall be subtracted from the interest of J. C. Bumpus in the final partition and distribution of the John Bumpus Estate." Some of the heirs of John Bumpus were minors, and did not sign this deed. The 2 acres were surveyed prior to execution of deed, but the scrivener employed to draw the deed, by mistake, instead of describing the 2 acres intended to be conveyed out of the east side of the 91-acre tract, described 2 acres out of the east side of the 72-acre tract already owned by J. C. Bumpus. Without knowledge of the mistake in the description in the deed, J. C. Bumpus immediately took possession of the 2 acres intended to be described by the deed in the 91-acre tract, built a dwelling house and other permanent and valuable improvements thereon, moved upon the property, fenced it, and has since occupied it as the homestead of himself and family. This is the 2 acres of land involved in this lawsuit.

On January 2, 1931, the heirs of John Bumpus, deceased, executed an oil and gas lease to W. M. Langston covering the John Bumpus estate lands. It appears to have been the express agreement and understanding be-

tween W. M. Langston, the lessee, and J. C. Bumpus, who negotiated the deal for himself and the other heirs, lessors, that said 2-acre homestead of J. C. Bumpus out of the 91-acre tract was not a part of the land leased or intended to be leased. But the scrivener, Mr. Wells, in drawing the lease, did not except the 2 acres from the description of the 91-acre tract. Kate Bumpus, guardian of the estate of Codene, Novie, and J. S. Bumpus, minors, joined the other Bumpus heirs in the above lease, and also as such guardian on January 24, 1931, signed a like additional lease to W. M. Langston, in which the land was described as in the lease of January 2, 1931, and did not exclude from the description the 2 acres now in controversy. On January 16, 1931, W. M. Langston assigned his leasehold interest in 30 acres of the land to Guy Gibson, R. C. Love, and John Alford. The 30 acres contained in this assignment did not include the 2 acres now in controversy. On February 19, 1931, there was a readjustment of the lines between the different leasehold interests which had been assigned by Langston. In this readjustment the 30 acres which had been assigned to Guy Gibson and his associates was increased to 31.6 acres and were moved south and confined to the 91-acre tract, and the field notes of the readjusted 31.6 acres were so described as to include the 2 acres now in controversy. On March 27, 1931, J. C. Bumpus and wife executed to W. A. Southworth a lease on the two acres. This lease was assigned to A. W. Glazier. Shortly before this suit was filed, it was discovered by all the parties interested that the descriptions of the field notes in the deed of April 4, 1927, to J. C. Bumpus would not locate the 2 acres in the 91-acre tract, and that the 2 acres had not been excluded from the description of the 91-acre tract in the two leases of January 2 and January 24, 1931, from the John Bumpus heirs to W. M. Langston, and had not been excluded from the description of the 31.6 acres allotted to Guy Gibson and associates in the agreement readjusting the boundary lines between Langston and his assignees of leasehold acreage in the John Bumpus-estate lands. This suit was filed by J. C. Bumpus and A. W. Glazier against the heirs of John Bumpus, deceased, except plaintiff J. C. Bumpus and against Guy Gibson and associates, naming them, who claim the 2 acres as assignees under the Langston lease. Plaintiffs' petition pleaded the statutory action of trespass to try title to the 2 acres of land; alleged mutual mistake of description in the deed to J. C. Bumpus and in the lease to W. M. Langston; and that Guy Gibson and associates at the time of their purchase and readjustment of acreage under the Langston lease had notice, actual and constructive, that the 2 acres occupied as the homestead of J. C. Bumpus were not covered by the Langston lease and were not owned by W. M. Langston, and were not being assigned to them by Langston. Plaintiffs prayed for title and possession of the 2 acres of land; that the deed to J. C. Bumpus be reformed so as to correctly describe the 2 acres of land intended to be conveyed; that plaintiffs' title be quieted against the claim of Guy Gibson and associates; and for general and special relief.

The defendant heirs of John Bumpus who had not joined in the deed to J. C. Bumpus answered, claiming an undivided $5/27$ interest in the 2 acres. By cross-action they affirmatively alleged that in the execution of the leases of January 2 and January 24, 1931, to W. M. Langston, it was expressly agreed by and between the lessors and lessee that the 2 acres now in controversy should not be covered or affected by the lease, and that its inclusion in and failure to be omitted from each of said leases was by mutual mistake of the parties, lessors and lessee; and that each and all the defendant assignees under the Langston lease had actual and constructive notice thereof and knew that the 2 acres were not included or intended to be included or conveyed by either of said leases. The cross-action also contained a count in statutory action of trespass to try title against all other defendants and the plaintiffs. The prayer was for reformation of the Langston leases so as to eliminate from a description of the 91 acres the 2 acres now in controversy; and for title and possession of $5/27$ fee interest in the 2 acres.

The defendants, Guy Gibson and associates, answered by plea of not guilty and that they were purchasers of an assignment of the oil and gas leasehold interest on the 31.6 acres, which included the 2 acres, for value and without notice of the asserted claims of plaintiffs or of their codefendants, heirs of John Bumpus.

The trial was to a jury. In answer to the three special issues submitted, the jury found as follows:

"No. 1: Have the plaintiffs shown, by a preponderance of the evidence, that at the time the lease was made by J. C. Bumpus and others to W. M. Langston, that W. M. Langston was informed that the 2-acre tract of land, upon which J. C. Bumpus had his home erected, was not intended to be included within such lease?" Answer: "Yes."

"No. 2: Have the plaintiffs shown, by a preponderance of the evidence, that at the time Guy Gibson and associates purchased their lease from W. M. Langston they had been informed that the 2-acre tract in controversy, upon which J. C. Bumpus had erected his home, was not owned by Langston and was not covered by his lease from J. C. Bumpus and others?" Answer: "Yes."

"No. 3: Do you find, from the preponderance of the evidence, that the defendants, Guy Gibson and his associates, knew at the time of, or prior to the time of, the re-arrangement of the acreage and the Bumpus lands in February, 1931, that the 2-acre tract in controversy was not intended to be included in the oil and gas leases made to W. M. Langston and assigned to the said Gibson and associates?" Answer: "Yes."

Judgment was entered in favor of plaintiffs J. C. Bumpus and A. W. Glazier against all the defendants for title and possession of $22/27$ interest in the 2 acres; and in favor of the defendant Bumpus heirs who did not join in the partition deed to J. C. Bumpus of April 4, 1927, for title and possession of $5/27$ interest in the 2 acres; decreeing reformation of the oil and gas leases executed to W. M. Langston January 2, 1931, and January 24, 1931, so as to exclude the 2 acres from the description in each of said leases; declaring A. W. Glazier to be the owner of the oil and gas leases on the 2 acres, as assignee of the lease executed by J. C. Bumpus to W. A. Southworth; a special decree divesting and investing title in accordance with the judgment.

Defendants Guy Gibson and associates have appealed.

■■ Under their first assignment of error, appellants contend that the trial court erred in not granting their motion for an instructed verdict because plaintiffs' pleadings were insufficient, it is contended, to show mutual mistake in the execution of the lease of January 2, 1931, by the Bumpus heirs to W. M. Langston. Referable to the mistake in including the 2 acres in controversy in the description contained in the Langston lease, plaintiffs' petition, in part, alleges: "At the time of the lease to W. M. Langston, it was expressly agreed that the 2-acre tract of land upon which was the home of J. C. Bumpus was not to be included within the 91-acre tract of land; neither was it intended to be leased in such lease. W. M. Langston took said lease with said express agreement and with full notice that the 2-acre tract of land above described was the homestead of J. C. Bumpus

and had not been intended to be described in the deed above referred to. (Deed from John Bumpus heirs to J. C. Bumpus, April 4, 1927). W. M. Langston had actual notice and had constructive notice that the two acres of land was not included and that the same was not intended to be included."

It is not thought that the pleadings are insufficient to support the judgment in the respect complained of by appellants. It is further observed that the defendant heirs of John Bumpus who did not sign the deed of April 4, 1927, to J. C. Bumpus, in their cross-action against appellants allege fully and in express terms mutual mistake on the part of lessors and lessee, and of the scrivener, in including and in failing to omit the 2 acres from the description of the 91 acres in each of the leases of January 2, 1931, and January 24, 1931, to W. M. Langston, and prayed for reformation of the instruments so as to except and eliminate the 2 acres therefrom. In determining whether the issues submitted and whether the judgment rendered are supported by the pleadings, the trial court is authorized to supply omissions in the pleadings of one party by allegations contained in the pleadings of the other parties in the case. Ormsby v. Ratcliffe (Tex. Com. App.) 36 S. W.(2d) 1005; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781.

■■ Appellants' second assignment of error contends that the court erred in rendering judgment for plaintiff because the issue of mutual mistake in description of the 2 acres intended to be conveyed by the deed of April 4, 1927, was not submitted to the jury, that it was an independent ground of recovery, and that, its submission not having been requested, the issue and ground of recovery was thereby waived by plaintiffs. That the error in description of the 2 acres intended to be conveyed by said deed to J. C. Bumpus was mutual as to the grantors and the grantee, and caused by mistake of the scrivener, a third party, was proven by uncontradicted evidence. The rule that issues constituting independent grounds of recovery or defense which are not submitted and not requested to be submitted are deemed to have been waived does not apply to issues of fact that are established by positive, uncontradicted evidence. R. S. art. 2185, provides that the court's charge "shall only submit controverted issues of fact." Levin v. International G. R. & R. R. Co. (Tex. Civ. App.) 45 S.W. (2d) 435; Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143; Erwin v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 63 S.W.(2d) 1076; Kinney v. Pearce

(Tex. Civ. App.) 65 S.W.(2d) 502; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S. W.(2d) 210, 211; Sewall Paint & Glass Co. of Texas v. Booth Lbr. & Loan Co. (Tex. Civ. App.) 34 S.W.(2d) 650; Phoenix Furniture Co. v. Kay (Tex. Civ. App.) 10 S.W.(2d) 422; Berryman v. Norfleet (Tex. Civ. App.) 41 S. W.(2d) 722–726; Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822. It is further observed that the judgment in favor of J. C. Bumpus is also supported upon another ground, which is not dependent upon reformation of the deed. At the time J. C. Bumpus purchased the 2 acres from the other heirs, it was surveyed and he was put in possession, and made valuable improvements upon the 2 acres actually intended to be conveyed, thereby acquiring a superior equitable title thereto, upon which he could recover in trespass to try title against his grantors and purchasers with notice. Gilmore v. O'Neil, 107 Tex. 18, 173 S. W. 203.

Appellants' third assignment of error complains of the action of the trial court in rendering judgment vesting title to the leasehold of the 2 acres in A. W. Glazier, because the pleadings were insufficient to support a judgment reforming the Langston leases, and because the issue of mutual mistake in inclusion of the 2 acres in the Langston leases was not submitted to the jury. We have already discussed the sufficiency of the pleadings. The issue of mutual mistake in including the 2 acres in the Langston leases was also established by uncontradicted evidence. J. C. Bumpus, who represented himself and the other lessors, and Langston, the lessee, both testified, in effect, and uncontradicted, that it was expressly understood between them that the 2 acres were not to be conveyed by the lease. Langston further testified that he never did at any time claim a lease on the 2 acres, and so notified appellants, and told appellants at the time and before he made the assignment to and readjustment of acreage with appellants that the 2 acres occupied by J. C. Bumpus' homestead belonged to J. C. Bumpus and did not go with the lease.

What we have already said in effect disposes of appellants' fourth and fifth assignments of error.

The only disputed issue of fact was the question of notice on the part of appellants at the time they acquired their assignment, and at the time of the readjustment of the acreage, under the Langston leases, that Langston did not own a lease on the 2 acres in question, which facts were determined by the jury against appellants in their answers to special issues Nos. 2 and 3, above quoted, and with respect to which no assignment of error is directed.

The judgment of the trial court will be affirmed.