## TEXAS & N. O. R. CO. v. HARRIS.
### No. 3461.

Court of Civil Appeals of Texas. El Paso.

Jan. 28, 1937.

Rehearing Denied Feb. 18, 1937.

Baker, Botts, Andrews & Wharton, of Houston, and Kemp, Nagle & Smith and Wyndham K. White, all of El Paso, for appellant.

R. P. Langford and L. R. Stein, both of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

Appellant objected to the submission of the second issue upon the ground it was not raised by the pleadings or the evidence. For like reason error is assigned to the submission of such issue and to the rendition of judgment in favor of plaintiff upon the finding returned in response thereto.

■ Upon examination of the pleadings we find such issue is not presented, nor is it raised by the evidence. It is true there is an abundance of evidence offered by defendant showing the north gate was completely lowered before it was struck by the car, but it also shows it was so lowered when the approaching car was 150 or 200 feet away. In other words, defendant's evidence shows the gate was completely lowered in time for the car to stop before reaching the crossing. On the other hand, the plaintiff's evidence is to the effect the gate was suddenly lowered and struck the car just as it entered the crossing. However, for the reason to be now stated, it is unimportant whether the issue was raised by the evidence.

■ An issue not raised by the pleadings is immaterial, and a finding thereon cannot form the basis of a judgment. Brokaw v. Collett (Tex.Com.App.) 1 S.W.(2d) 1090; Levin v. International-Great N. R. Co. (Tex.Civ.App.) 45 S.W.(2d) 435.

Judge Speer, in his work on Special Issues, at section 447, says:

"A finding, however made, as to a fact upon an issue not within the pleadings, is a nullity and will afford, upon the most elementary consideration, no basis for any judgment on the merits. It can make no difference that the issue was actually submitted to the jury. * * *

"If a finding is for any reason immaterial, however, it can never form the basis for a judgment, and may therefore be ignored. It is no obstacle to a judgment."

And at section 474, Judge Speer says further: "The rule that a judgment non ob-

stante veredicto will not be permitted, does not apply where the verdict is with respect to an immaterial matter." See, also, Robichaux v. Bordages (Tex.Civ.App.) 48 S.W. (2d) 698.

It follows the court should have disregarded the second finding and its supplementary findings, and should have rendered judgment for defendant upon the finding in response to the first issue.

The judgment which should have been rendered upon the verdict will be here rendered.

Reversed and rendered.

On Rehearing.

■ The only feature of the motion for rehearing to which we deem it necessary to refer is that which complains of the rendition of the judgment. In that connection appellee calls attention to cases holding it proper to remand for retrial to permit amendment of the pleadings where the ends of justice will be better subserved by such action. None of the cases cited presented the situation of a judgment rendered in the court below contrary to that required by the verdict. So far as we have been able to discover, the uniform practice in the appellate court is to reverse and render the judgment which should have been rendered in the court below upon the verdict returned. Sovereign Camp, W. O. W., v. Patton, 117 Tex. 1, 295 S.W. 913; Lemm v. Miller (Tex.Civ.App.) 245 S.W. 90, and cases cited; Welch v. United S. F. & G. Co. (Tex.Civ.App.) 54 S.W.(2d) 1041; Smith v. R. Co. (Tex.Civ.App.) 67 S.W. (2d) 362.

■ It is the imperative duty of the trial court to render the proper judgment upon the verdict returned, or set the same aside and grant a new trial. The only exception to that rule is under the recent amendment to article 2211, R.S.(Acts 42d Leg., p. 119, ch. 77, § 1 [Vernon's Ann. Civ.St. art. 2211]), authorizing judgment non obstante veredicto in certain cases upon proper motion therefor. Hines v. Parks (Tex.Com.App.) 96 S.W.(2d) 970.

■ In this case the defendant was entitled to judgment upon the verdict returned, and was denied the benefit thereof. It is the duty of this court to give it the benefit of the verdict in its favor. A denial thereof would be to grant the plaintiff a new trial because of an error committed, not against her, but in her favor and

against the defendant. This cannot be done with justice to the rights of the defendant.

The motion is overruled.