LAURA PARKS ET AL V. MRS. GINEVRA L. PURNELL ET VIR.

No. 7517. Decided June 26, 1940.
(141 S. W., 2d Series, 585.)

*J. L. Goggans,* of Dallas, for plaintiff in error.

The Dallas Court of Civil Appeals (from which this case was later transferred to the Court of Civil Appeals at El Paso) acted within the limits of its power in entering orders allowing additional time for filing the transcript and statement of facts in that court in this cause, based upon motions filed in that court more than 15 days after the expiration of the time originally allowed for filing same, but within the time allowed by a previous extention order. Pittman v. City of Wichita Falls, 117 S. W. (2d) 491; J. D. McCollum Lbr. Co. v. Whitfield, 53 S. W. (2d) 77; Missouri, K. & T. Ry. Co. v. Jordon, 2 S. W. (2d) 312.

*Locke, Locke, Dyer & Purnell, Hubert D. Johnson, Maurice E. Purnell,* all of Dallas, for defendants in error.

Since this case comes under Article 1839 of the general statutes the transcript was filed too late, and such lateness was not a mere "informality" so as to be waived by failure of defendants in error to complain within the thirty days prescribed by Rule 8 of the courts of civil appeals. Hunter v. Moore, 122 Texas 583, 62 S. W. (2d) 97; Red v. Bounds, 122 Texas 614, 63 S. W. (2d) 544; Acola v. J. I. Case Co., 57 S. W. (2d) 196.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case was tried in the district court of Dallas County, Texas, and appealed to the Dallas Court of Civil Appeals. On equalization of the dockets of the several courts of civil appeals it was transferred to the El Paso Court where the appeal was

dismissed on a ruling that the transcript and statement of facts had not been filed in the Dallas Court within the time provided by Art. 1839, R. C. S. 1925, as amended by Acts 43rd Legislature, ch. 67, p. 142, 120 S. W. (2d) 895. The opinion of the El Paso Court fully states the facts in regard to what occurred with reference to the filing of this record in the Dallas Court. We here reproduce such statement as follows:

"Defendants in error move to dismiss this appeal because the transcript was not filed in the Dallas Court of Civil Appeals within the time required by the Acts of the Forty-third Legislature, Chapter 67, p. 142, Art. 1839, Vernon's Annotated Statutes. In this connection the record discloses the following: Judgment was rendered November 20, 1936, and entered of record three days later; petition for writ of error and writ of error bond were filed May 17, 1937; citation in error issued and was served May 21, 1937; on July 17, 1937, plaintiffs in error filed motion in the Dallas Court of Civil Appeals for an extension of sixty days within which to file the record in that court; on the same day that court entered an order extending the time for such filing for sixty days after the time allowed by law; on September 10, 1937, plaintiffs in error filed a second motion for an extension of time, and on September 18, 1937, the Dallas Court granted an extension until the 27th day of November, 1937; on November 23, 1937, plaintiffs in error filed a third motion asking for an additional extension of time, and on the same day the time for filing was extended by the Dallas Court to December 10, 1937. In each of the foregoing motions the plaintiffs in error set up the illness of the court reporter and inability to prepare the statement of facts as grounds for the extension sought. The endorsement of the clerk of the trial court shows the transcript was applied for by counsel for plaintiffs in error on December 1, 1937, and delivered to him on December 6, 1937. On December 10, 1937, the record was filed in the Dallas Court of Civil Appeals, which was more than one year after the judgment in the trial court was rendered and entered. Later the appeal was transferred to this Court by an equalization order of the Supreme Court."

Before proceeding further we deem it expedient to quote the above statute. It is as follows:

"In appeal or writ of error the appellant or plaintiff in error shall file the transcript and statement of facts with the Clerk of the Court of Civil Appeals within sixty (60) days from the final judgment or order overruling motion for new trial, or service of the writ of error; provided, by motion filed before,

at, or within a reasonable time, not exceeding fifteen (15) days, after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period, why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. As amended Acts 1931, 42nd Leg., p. 100, ch. 66; Acts 1933, 43rd. Leg., p. 142, ch. 67; Acts 1939, 46th Leg., H. B. No. 28, Sec. 1."

An analysis of the facts above stated will demonstrate that, within the sixty-day period prescribed by the above quoted statute, appellant filed his motion in the Dallas Court of Civil Appeals for an extension of sixty days within which to file the record in that court. Also as shown above, such motion was granted as prayed for. There is no contention that this motion and order of extension did not fully comply with the above statute. A further examination of the above statement will show that the subsequent motions for extensions were filed after the seventy-five-day period named in the statute. The opinion of the Court of Civil Appeals holds that the orders allowing extensions made in response to such subsequent motions were in violation of the statute and therefore void. We quote the following from the opinion of the Court of Civil Appeals:

"* * * The first motion for an extension of time for filing the record was filed within the time prescribed by law. But the subsequent motions were filed long after the expiration of the time within which a Court of Civil Appeals has authority to entertain such a motion. There is nothing in the Act which could possibly be construed as authorizing the filing of subsequent motions for extension of time after the expiration of the fifteen-day period."

We are not in accord with the above quoted ruling of the Court of Civil Appeals. No good purpose could be served by an extended discussion of this statute as it now exists, or as it existed before its present form. Simply stated, our construction is that the intent of the present statute is to clothe the Court of Civil Appeals with jurisdiction to grant extensions for filing transcripts and statements of fact on motions filed after the seventy-five-day period named in the statute, provided its jurisdiction over the question of extension has first been invoked by a motion filed within such seventy-five-day period. In this connection we call attention to the fact that the statute says: "* * * provided *by* motion filed before, at or within a reasonable time not exceeding fifteen (15) days, after the expiration of such sixty-day period * * * the Court of Civil Appeals may permit the same

to be thereafter filed *upon such terms as it shall prescribe.*" (Italics ours.) We interpret such language to mean that when a motion has been filed within the seventy-five-day period named in the statute, the Court of Civil Appeals thereafter has jurisdiction to control the situation, and may prescribe the terms under which the record may be filed in such court. Of course the Court of Civil Appeals must not act arbitrarily and must only grant extensions for good cause.

We freely confess that we have experienced considerable difficulty in construing this statute. We also freely confess that the construction placed thereon by the El Paso Court of Civil Appeals finds considerable support in the language used. In spite of this, we think the statute is open to construction, and this being true, we ought to give it a construction most favorable to the appellant. The very purpose of allowing extensions as expressed in the Act ought to call for that.

The judgment of the Court of Civil Appeals dismissing this appeal is reversed and the cause is remanded to that court to consider this cause upon its merits.

Opinion delivered June 26, 1940.