## HODGES et al. v. NIX.
### No. 12110.

Court of Civil Appeals of Texas. Galveston.
Dec. 15, 1949.

Rehearing Denied Jan. 5, 1950.

Vinson, Elkins, Weems & Francis, Thos. B. Weatherly, and W. Eugene King, all of Houston, for appellants.

Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale, Sam W. Cruse and William H. Vaughan, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, the heirs of Dewey Clint Hodges, deceased, to recover damages alleged to have been sustained as the result of the negligence of appellee, Russell Nix, in permitting the use of, and in the maintenance of the equipment of a radial saw located in a plant owned and operated by appellee in which Dewey Clint Hodges was engaged in making repairs at the time he sustained injuries which resulted in his death.

Appellee has filed in this court his motion to strike the statement of facts filed by appellants herein, and asking that the judgment of the trial court be affirmed under Rule 386, Texas Rules of Civil Procedure. Appellant's motion for new trial was overruled on April 4, 1949, and the transcript was duly filed within 60 days thereafter. This Court, on an original motion duly filed within the time allowed by Rule 386, granted an extension of time for filing the statement of facts in this Court until July 1, 1949. The statement of facts was not filed within this extended period, but this Court afterwards granted a second motion for extension of time and permitted the statement of facts to be filed on July 19, 1949.

Rule 386, Texas Rules of Civil Procedure, provides that an appellant shall file a transcript and statement of facts with the Clerk of the Court of Civil Appeals within 60 days after the rendition of the judgment or order overruling motion for new trial, and that by motion filed before, at, or within a reasonable time, not exceeding 15 days after the expiration of such 60 days period, showing good cause to have existed within such 60 days period why such transcript and statement of facts could not be filed, the Court of Civil Appeals may permit the same to be thereafter filed under such terms as it shall prescribe.

In the case of Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, 586, the Supreme Court of this State, in construing Article 1839, which was the source of and was repealed by Rule 386, Texas Rules of Civil Procedure, in its opinion said: "* * * our construction is that the intent of the present statute is to clothe the Court of Civil Appeals with jurisdiction to grant extensions for filing transcripts and statements of fact on motions filed after the seventy-five-day period named in the statute, provided its jurisdiction over the question of extension has first been invoked by a motion filed within such seventy-five-day period. In this connection we call attention to the fact that the statute says: '* * * provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen (15) days, after the expiration of such sixty-day period * * * the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe.' We interpret such language to mean that when a motion has been filed within the seventy-five-day period named in the statute, the

Court of Civil Appeals thereafter has jurisdiction to control the situation, and may prescribe the terms under which the record may be filed in such court. Of course, the Court of Civil Appeals must not act arbitrarily and must only grant extensions for good cause."

In a later opinion, the Supreme Court in the case of Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676, 678, said: "If possible, the court should give appellant an opportunity to establish his right to appeal in order that the case may be disposed of on its merits. The object of the new rules is 'to obtain a just, fair, equitable and impartial adjudication of the rights of litigants', Rule 1, and where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court to do so." The court quoted with approval from the opinion of the court in the case of Shanks v. Carroll, 50 Tex. 17, in which it was said "A failure to observe and comply with the rules prescribed by this court regulating the manner of bringing cases before it, is a valid and sufficient ground, in the discretion of the court, for the dismissal of an appeal or writ of error, unless good cause is shown why this is not done. It is not to be inferred, however, that the court must in all cases sustain motions to dismiss upon a mere failure to comply with the strict letter of this rule; but the court, in acting on such motion, may unquestionably 'give such direction to the case as will cause the least inconvenience or damage from such failure, as far as practicable.'" Citing authorities.

In the instant case the statement of facts was not filed in this Court before July 1, 1949, nor was an application for a further extension of time filed within such extended period.

■ On July 15, 1949, fifteen days after the expiration of the extended period, appellants filed their second motion for an extension of time for the filing of the statement of facts and alleged as grounds therefor that their failure to file the statement of facts within the extended period was due wholly to the inability of the court reporter to prepare the statement of facts because of illness and the preparation of other statements of facts ordered before the statement of facts in this case. This fact is not disputed and there is no showing in the record that the filing of the statement of facts would adversely affect the rights of appellee or cause him inconvenience or damage.

Under these facts, appellee's motion to strike the statement of facts is overruled.

It is undisputed in the record that at the time the deceased met his death, he was employed as a carpenter foreman for an independent contractor employed to repair the roof of a lumber and mill working plant owned and operated by appellee. He met his death while using a power saw located on the premises.

The jury found, in substance, in answer to special issues submitted, that the power saw operated by the deceased was not a reasonably safe machine and that this fact was known to him; that both Clyde Tawater, appellee's shipping clerk, and Phillip Gaston, his bookkeeper, had permitted the deceased to use the saw, but that such action on their part was not negligence, and that neither of them knew that the saw was not a reasonably safe machine.

They found that the saw was an inherently dangerous instrumentality and that this fact was known to the deceased, but that it was not negligence for him to use it. They found that appellee knew that the saw was inherently dangerous when used for ripping without an anti-kickback guard and that it was negligence on his part not to prevent its use by deceased and that such negligence was a proximate cause of appellants' injuries and damages. They found that the workshop and regular employees of appellee were available to rip the boards for the repair of said building and that deceased's employer was guilty of negligence in not instructing his employees that they were not to use the saw. The jury found that while the deceased did not fully understand the safe and proper method of operating the saw,

his failure to inquire relative thereto was not negligence.

All issues of contributory negligence on the part of the deceased were answered in favor of the appellants.

On appellee's motion the trial court entered judgment in his favor.

Testimony was introduced by appellee to the effect that the power saw in question was principally used by appellee's employees for what was known as "cut off work" in filling orders for lumber and that it was not equipped with an anti-kickback guard because a saw of this kind equipped with an anti-kickback guard cannot be used for cutoff work. They testified that the use of this saw was forbidden to all employees in the plant except Tawater and two Negro employees.

Appellee testified that he had issued positive instructions to his manager to never let anyone else use this saw and Otis Hodges testified that he and his men had been instructed to not use it.

The jury found that appellee's manager did so instruct Otis Hodges that he and his employees were not to use the power driven equipment, including the power saw in question.

Appellants rely largely upon their points of appeal in which they assign error in the action of the court in not rendering judgment in their favor based upon the answers of the jury to the issues submitted which they contend were fully supported by both pleadings and evidence.

Appellee contends under his first and second counter-points of error that since Special Issues 14 and 15 were the only issues of negligence found against him, and that since neither of these issues was raised by the pleadings, judgment in his favor must be affirmed.

"Special Issue No. 14 reads as follows:

"Do you find from a preponderance of the evidence that the failure of the defendant to prevent the deceased, Dewey Clint Hodges, from using the radial saw without an anti-kickback guard for ripping was negligence as that term has been herein defined?

"Answer 'We do' or 'We do not'.

"The Jury answered: 'We do'."

"Special Issue No. 15 reads as follows:

"Do you find from a preponderance of the evidence that such failure of the defendant, if any you have found, to prevent the deceased, Dewey Clint Hodges, from using the radial saw without an anti-kickback guard for ripping was a proximate cause, as that term has been defined herein, of the injuries and damages, if any, sustained by the plaintiffs.

"Answer 'We do' or 'We do not'.

"The jury answered: 'We do'."

Before the case was submitted to the jury, appellee made the following objection to the submission of these issues: "There is no pleading to support submission of special issue No. 14. There is no pleading to support the submission of special issue No. 15 to the jury."

After the return of the jury's verdict appellee filed a motion for judgment on the jury's findings and that the court disregard other findings of the jury.

The jury found that the power saw which was operated by Dewey Clint Hodges at the time of his death, was not a reasonably safe machine; that such fact was known to him; that Clyde Tawater, shipping clerk for appellee, and Phillip Gaston, appellee's bookkeeper, permitted the deceased to use the saw but that such action on their part was not negligence and that Tawater and Gaston did not know that the saw was not reasonably safe and was an inherently dangerous machine, and that Dewey Clint Hodges knew that fact.

It is, we think, apparent from these answers that appellee was entitled to a judgment in his favor unless appellants were entitled to recover under the jury's answers to special issues Nos. 14 and 15.

Appellee relies on the rule announced in the cases of Texas & N. O. R. R. Co. v. Harris, Tex.Civ.App., 101 S.W.2d 640, error dismissed, and Levin v. International Great-Northern R. Co., Tex.Civ.App., 45 S.W.2d 435, error dismissed.

In the case of Texas & N. O. R. R. Co. v. Harris, 101 S.W.2d 640, 641, a special

580

issue was submitted inquiring as to whether defendant's towerman suddenly lowered gates in front of an automobile causing it to strike the gate before it could be stopped. This issue was followed by issues inquiring as to whether such action was negligence which proximately caused plaintiff's injuries. The issues were answered in the affirmative. All other issues were answered in favor of the defendant. Based upon these answers, judgment was entered in favor of plaintiff.

The appellate court in its opinion said:

"Appellant objected to the submission of the second issue upon the ground it was not raised by the pleadings or the evidence. For like reason error is assigned to the submission of such issue and to the rendition of judgment in favor of plaintiff upon the finding returned in response thereto. * * *

"An issue not raised by the pleadings is immaterial, and a finding thereon cannot form the basis of a judgment. (Citing cases)

"Judge Speer, in his work on Special Issues, at section 447, says:

" 'A finding, however made, as to a fact upon an issue not within the pleadings, is a nullity and will afford, upon the most elemetary consideration, no basis for any judgment on the merits. It can make no difference that the issue was actually submitted to the jury. * * *

" 'If a finding is for any reason immaterial, however, it can never form the basis for a judgment, and may therefore be ignored. It is no obstacle to a judgment.' "

Continuing the court said:

"It follows the court should have disregarded the second finding and its supplementary findings, and should have rendered judgment for defendant upon the finding in response to the first issue."

In the case of Levin v. International-Great Northern R. Co., supra, the first two issues submitted to the jury inquired as to whether the Railroad Company had deposited a freight arrival notice in the mail addressed to the plaintiff within a reasonable time after the arrival of a

shipment and as to whether the plaintiff had used diligence in seeking to ascertain the arrival of the shipment after he received notice of the shipment. The jury answered that the notice had been mailed and that the plaintiff, Levin, did not use the diligence inquired about.

The appellate court held that the issues submitted were affirmative defenses which had to be pleaded in order for the defendant to take advantage of them and that since plaintiff had only plead a general demurrer and a general denial, which pleadings did not raise the affirmative defenses relied upon and "since issues 1 and 2 were not raised by the pleadings, the findings upon such issues were immaterial and should have been disregarded." [45 S.W.2d 438.]

The above holdings are approved and followed in the cases of City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221 and Rudolph v. Smith, Tex.Civ.App., 148 S.W.2d 225 and authorities there cited.

In the case of A. C. Burton Company, Inc., v. Stasny, 223 S.W.2d 310, 311, err. ref., this court in its opinion held that "It has been uniformly held by the courts of this State that the right of recovery for injuries resulting from negligence is based upon the violation of a duty. * * *", citing with approval from the opinion in the case of Furst-Edwards & Co. v. St. Louis-S. W. R. R. Co., Tex. Civ.App., 146 S.W. 1024, (writ of error refused), where it was held "That 'the right of recovery for injuries resulting from negligence is based upon the violation of duty', and that 'The inquiry in each case of alleged damages is, What was the legal duty of the defendant under the circumstances of the case?' "

The question then presented in this appeal is, what were the legal duties of appellant under the facts of this case?

The evidence established that the deceased, Dewey Clint Hodges was not an employee of appellee, therefore appellee did not owe the deceased that duty owed by a master to his servant.

The jury found in answer to special issue No. 66, that in making the contract,

appellee did not obligate himself to furnish the saw to Otis Hodges and his employees and that appellee's manager instructed the contractors making the repairs on appellee's premises that their employees were not to use this particular saw.

In the case of Marshall v. San Jacinto Building Co., Tex.Civ.App., 67 S.W.2d 372, writ of error refused, it was held that the rule of law defining appellee's duty, in relation to the alleged dangerous condition, to appellant, an invitee in using the defendants' building for legitimate business purposes, as stated in 45 C.J. 837 is that the duty to keep the premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care; that the invitee assumes all normal or ordinary risk attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. It is held that no precautions are necessary where the danger is obvious and unconcealed, or known to the person injured, or where it was the duty of the person injured to do the thing, failure to do which caused the injury.

To the same effect is the rule announced at 20 R.C.L., pp. 56, 57, in which it is held that "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant."

In the case of Galveston H. & H. R. Co. v. McLain, 218 S.W. 65, 67, this court, speaking through Justice Graves said:

"The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter, nor is there any presumption of negligence on the part of the owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to the person going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not known to the person injured, that a recovery is permitted."

In the case of Fort Worth & D. C. Railway Co. v. Hambright, Tex.Civ.App., 130 S.W.2d 436, 439, it is said "It is well established in this and many other jurisdictions that the mere ownership of lands or buildings does not render the owner liable for injuries that may be sustained by those who enter thereon. * * * The only condition under which such an owner is liable to those whom he invites upon his premises are when dangerous and unsafe instrumentalities or conditions exist and are known to him and not known to such invited persons and they are injured by such instrumentalities or conditions."

The above rule is approved in the cases of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hausman Packing Co. v. Badway, Tex.Civ.App., 147 S.W.2d 856 (err. ref.).

It is obvious, we think, from the facts in this record and under the above authorities that, since the jury acquitted Tawater and Gaston of the negligence alleged, the essential elements of foreseeability on the part of appellee or his employees of the accident which caused Dewey Clint Hodges' death is not shown, and, under the record and the answers of the jury to the issues submitted there could, we think, be no negligence on the part of Nix in preventing deceased from using the saw.

We have considered all other points of error presented by appellants in their briefs, and finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.