**WESTERN UNITED REALTY COMPANY, Appellant,**

v.

**Joyce Reynolds SHAW et vir, Appellees.**

**No. 3546.**

Court of Civil Appeals of Texas.

Eastland.

March 30, 1962.

Rehearing Denied April 20, 1962.

Bonham, Stanley & Campbell, George W. Eddy, Houston, for appellant.

Kleinecke, Nussbaum & Piperi, Galveston, Eugene N. Catlett, Houston, Will Wilson, J. Milton Richardson, Austin, Vinson, Elkins, Weems & Searls, Boone & Kraft, Houston, for appellees.

GRISSOM, Chief Justice.

Judgment was rendered in this case in May 1959. Appellant's motion for a new trial was overruled on July 10, 1959. Numerous agreed motions for extension of time to file the statement of facts were filed prior to February 2, 1961. The original and copies of the statement of facts were delivered to appellant on February 2, 1961.

Four motions for additional time to file the statement of facts, other than the one now in controversy, were filed by appellant after it received the statement of facts. They were granted. The last such motion, filed August 14, 1961, was granted by this court on September 8, 1961. The time for filing the statement of facts was, thereby, extended to October 15, 1961, and the time for filing briefs was extended to November 15, 1961. The Statement of Facts was tendered for filing on October 17, 1961.

Appellant did not request appellees to sign the original of the statement of facts until after expiration of the last extension period. Apparently, both the original and copies of the statement of facts were in appellants possession for more than four months and appellees' attorneys approved and signed the original when it was presented to them. Without further statement of the details shown by the record, it was apparent that appellant had not shown good cause for its failure to file the statement of facts within the last extension period. Therefore, after a hearing, on January 5th, 1962, we overruled appellant's motion, filed on October 23rd, 1961, to file the statement of facts.

■ Appellant filed its original motion for extension of time within the time prescribed by Rules of Civil Procedure, rule 386. We, therefore, had jurisdiction to grant appellant's last motion for extension of time to file the statement of facts. Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585; Hodges et al. v. Nix, Tex.Civ.App., 225 S.W.2d 576 (Ref. N.R.E.). But, although we had jurisdiction, we could not grant the motion because appellant wholly failed to show good cause why it had not filed the statement of facts within the last extension period. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; Rodriguez v. Del Moral, Tex.Civ.App., 329 S.W.2d 896; Bradshaw v. Bradshaw, Tex.Civ.App., 187 S.W.2d 688; Darden v. Davies, Tex.Civ. App., 217 S.W.2d 892; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Pa-

cific Fire Insurance Company v. Smith, 145 Tex. 482, 199 S.W.2d 486.

■ On January 15, 1962, the State filed a motion to dismiss the appeal for want of prosecution. On January 19, 1962, the Shaws filed a like motion. Appellant's brief should have been filed by November 15, 1961. Appellant was promptly notified of the filing of said motions to dismiss its appeal for want of prosecution. Appellant has not replied to either of said motions. Perhaps appellant has concluded that its appeal could not be successful without a statement of facts. In any event, it has never replied to said motions to dismiss its appeal; it has tendered no briefs and it has made no effort to show good cause for its failure to timely file briefs or to show that appellees have not suffered material injury thereby. Therefore, appellees are entitled to have their motions sustained. R.C.P. 415; Haynes v. J. M. Radford Grocery Company, 118 Tex. 277, 14 S.W. 2d 811; Wood v. Northeast Independent School District, Tex.Civ.App., 347 S.W.2d 847; Bloss v. Alston, Tex.Civ.App., 284 S.W.2d 416.

The appeal is dismissed.