Jo Ann **ALLEN** and husband, Leon Allen, Appellants,

v.

**UNITED SUPERMARKETS, INC.,** Appellee.

No. 8158.

Court of Civil Appeals of Texas, Amarillo.

May 17, 1971.

Rehearing Denied June 14, 1971.

**618**

Haley & Smith (Joe Smith), Seagraves, for appellants.

Nelson, Sherrod, Carter & Oldham (Stan Carter), Wichita Falls, for appellee.

REYNOLDS, Justice.

This appeal is from a summary judgment rendered in favor of defendant in a "slip and fall" case. Initially we are confronted with appellee's motion to dismiss the appeal and affirm the trial court's judgment on certificate. The motion's premise is that this court lost jurisdiction of appellants' appeal when the transcript was not timely filed. Notice of the motion was given and hearing thereon was set for the same time the case was submitted on its merits.

Summary judgment was entered on September 1, 1970.[1] Notice of appeal was timely given and an appeal bond was timely filed. The request for the transcript was dated September 28, and was received by the district clerk on September 30. The sixty-day period allowed for the filing of the transcript by Rule 386 [2] normally would have expired on October 31, but that day being a Saturday, the time was extended to November 2 under Rule 4. On November 12, within fifteen days after expiration of such sixty-day period, appellants filed an uncontested motion seeking an enlargement of the time within which to file the transcript, alleging the transcript could not be filed within such sixty-day period because the district clerk was delayed in completing the transcript due to press of other business. This court granted the motion and extended the time to December 2 for the timely filing of the transcript. The district clerk certified to the completed transcript on November 25, but the transcript was not received in this court until December 10, eight days after expiration of the extended time for filing. On December 15 appellants' second motion for an extension of time, being an exact duplicate of the first motion except for the date signed, was received and granted by this court and the transcript was filed on that date. The question to be resolved is whether the court of civil appeals loses its jurisdiction, once invoked by a sufficient motion within the time specified in Rule 386, to entertain a subsequent motion made after expiration of the previously extended time for an additional enlargement of time to file the record on appeal.

Research reveals four cases in which the courts of civil appeals have reached a decision on the question. In each case

1. All references to dates are for the year 1970 unless otherwise noted.

2. All references to rules are to Texas Rules of Civil Procedure.

the jurisdiction of the court was invoked by the filing of a motion within the time prescribed in Rule 386. In three of the cases a subsequent motion seeking an additional extension of time was filed after the expiration of the last extended period of time. In these cases, the court in Hodges v. Nix, 225 S.W.2d 576 (Tex.Civ.App.— Galveston 1949, writ ref'd, n. r. e.) and in Western United Realty Co. v. Shaw, 356 S.W.2d 205 (Tex.Civ.App.—Eastland 1962, writ ref'd), held the court had jurisdiction to grant the subsequent motion; and the court in Walker v. Kelley, 395 S.W.2d 402 (Tex.Civ.App.—Waco 1965, no writ) held the court does not have and cannot acquire jurisdiction to grant such subsequent motion. In the other case, Tian v. Kempenski, 275 S.W.2d 165 (Tex.Civ.App.—Waco 1955, no writ), no subsequent motion was filed. The court held that since the time for filing the transcript, as therefore extended, had expired, the court does not have and cannot acquire jurisdiction to consider the case on its merits. Only in Walker v. Kelley, supra, was the holding on the question the terminable issue of the appeal. Since the opinions of the courts of civil appeals are not uniformly determinative of the question, we will consider the point in issue in light of the facts of the case before us.

■ Rule 1 announces the proper objectives of the rules of civil procedure to be a just, fair, equitable and impartial adjudication of the rights of the litigants. To achieve this result, Rule 5 vests broad discretion in courts to allow enlargement of time within which some acts are required or permitted to be done, but Rule 437 makes it clear that such discretion is not allowed in passing on a motion to enlarge the time for filing the transcript except as provided in Rule 386. This limitation is imposed because the Legislature has determined the public policy to be that civil litigation shall be concluded with dispatch for better administration of justice. Such policy can be carried out only if Rule 386, as based on the legislative policy, is enforced according to its clear intent. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

■ It long has been concluded that the provisions of Rule 386 are mandatory and jurisdictional and must be complied with in order to invoke the appellate court's jurisdiction over appellants' appeal. Matlock v. Matlock, supra; Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964). If the period of time provided therein for the timely filing of the transcript is allowed to expire without a sufficient motion to extend the time being timely filed, the court of civil appeals loses jurisdiction and is unauthorized to extend the time even if good cause therefor is shown. Red v. Bounds, 122 Tex. 614, 63 S.W.2d 544 (1933); Buckalew v. Fancher, 427 S.W.2d 351 (Tex.Civ.App.—Eastland 1968, no writ). But if jurisdiction of the court is seasonably invoked, the court thereafter has jurisdiction to control the situation and may prescribe the terms under which the record may be filed so long as the court does not act arbitrarily and only grants such extensions for good cause. Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585 (1940).

The latter Supreme Court case, relied upon for the holding in Hodges v. Nix, supra, and Western United Realty Co. v. Shaw, supra, and by appellants in the present case, did not have before it, nor determine in our opinion, the precise question confronting us. In that case the original motion for extension of time was filed within the sixty-day period provided by statute, and each subsequent motion was filed within the previously extended period of time. There the question was whether the court of civil appeals had any jurisdiction to entertain subsequent motions for extension of time filed after the expiration of the seventy-five-day period prescribed by Article 1839, R.C.S.1925, Vernon's Ann.Civ.St. the statutory authority for our present Rule 386. The intermediate appellate court held that no such authoritative jurisdiction existed. In inter-

preting the language of the statute, the Supreme Court said, "that when a motion has been filed within the seventy-five-day period named in the statute, the Court of Civil Appeals thereafter has jurisdiction to control the situation, and may prescribe the terms under which the record may be filed in such court. Of course the Court of Civil Appeals must not act arbitrarily and must only grant extensions for good cause."

■ We do not view the opinion of the Supreme Court as holding that the jurisdiction of the court to entertain such motions exists forever and extends to any motion regardless of when filed. The jurisdiction of the court of civil appeals to act under Rule 386 is potential and only comes into being when it is invoked as prescribed in the rule. Once invoked, the court, for good cause, may control the situation only so long as its jurisdiction is continued. Once the extended time expires without a motion sufficient to continue the court's jurisdiction, the court loses jurisdiction just as though no motion had been filed within the time limits dictated in Rule 386 for the original invocation of the court's jurisdiction. This is in conformity with the reasoning underlying the statement of the Supreme Court in Matlock v. Matlock, supra, that "(e)ven had a situation developed just prior to the end of that period which made it impossible for an appellant to file a transcript in time, courts of civil appeals were powerless to extend the time, absent a motion filed within the sixty-day period" as then required by Art. 1839, supra. We are aware of the Supreme Court's pronouncements in Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968), concerning the discretion of the courts of civil appeals to act under Rule 386 where jurisdiction exists, but if there be no jurisdiction to act, there can be no exercise of discretion. To attempt to exercise discretion absent jurisdiction would be to act arbitrarily without good cause. Therefore, we conclude

that once the properly extended time for filing the record has expired, the court of civil appeals has no jurisdiction to entertain a motion made thereafter for additional time to file the record.

■ It follows that this court was without authority to grant appellants' second motion for an extension of time and to order the transcript filed. Even if we are in error in this view, there is yet another reason why the transcript should not have been filed.

■ The clear language of Rule 386 authorizes the court of civil appeals to enlarge the time in which a transcript may be filed only if a timely motion shows *good cause*[3] to have existed within the sixty-day period why the transcript *could not be so filed* within such sixty-day period. The same reasoning must apply to any subsequent motion for an additional enlargement of time. It thus becomes incumbent upon the applicant to show good cause to have existed within the extended period of time why the record (in this case, the transcript) could not be filed within such previously enlarged period of time. In the present case the transcript was before the court when the second motion was made and received. The transcript was completed and certified to by the district clerk within and eight days before the expiration of the first thirty-day extended period of time, and in ample time for filing within such extended period. No reason is advanced why the transcript was not or could not have been filed in this court within the time granted; in fact, the motion, filed twenty days after the clerk had certified to the completed transcript, alleged the transcript *could not be filed* because the clerk of the trial court had been delayed, due to the press of other business, from *completing* the transcript. This motion, as a matter of law, utterly failed to show good cause why the transcript could not have been filed within the thirty-day extension of time granted.

3. All italics are ours.

See Matlock v. Matlock, supra. This court, therefore, had no discretion to grant, and was in error in granting, the second motion, even if we then had jurisdiction to entertain the motion, and in ordering the transcript filed.

■ Appellee's motion to dismiss the appeal and affirm on certificate was filed on February 5, 1971, more than thirty days after the transcript was erroneously ordered filed by this court. This late filing does not waive appellee's objection to the filing of the transcript. It is true that Rule 405, considered in conjunction with Rule 404, does provide that a motion to dismiss for want of jurisdiction shall be filed within the thirty-day period after the filing of the transcript to avoid waiving the objection, if it can be waived, provided such motion, if made afterwards, may be entertained by the court upon such terms as the court may deem just and proper. However, jurisdiction is fundamental to our authority. Since we have held there was a fatal defect in the failure to comply with the mandatory requirement to timely file the transcript which defeated our jurisdiction, appellee's failure to timely file its motion does not operate to waive appellants' failure to invoke the jurisdiction of this court. Tydlacka v. Tydlacka, 277 S.W.2d 159 (Tex.Civ.App.—San Antonio 1955, no writ).

■ Even though the transcript was filed by order of this court, such filing was not authorized under Rule 386, and this court's jurisdiction now is limited to dismissing the appeal or affirming the judgment on certificate under Rule 387. Alamo Federal Credit Union v. Celedon, 415 S.W.2d 717 (Tex.Civ.App.—San Antonio 1967, writ ref'd, n. r. e.). But since appellee's motion to affirm on certificate was not accompanied by a certified copy of the judgment and a certificate of the clerk of the trial court stating the time when and how such appeal was perfected as required by Rule 387, appellee is not entitled to affirmance of the judgment on certificate.

 It is a rule of this court, where consistent with Rule 1 and the authority granted us under our rules of procedure, to give each litigant every opportunity to be heard upon the merits of the case, and we will not deny such right to any litigant unless compelled to do so. Yet in this case we have no authority to consider the appeal upon the merits of the case and only have authority to dismiss the appeal for want of jurisdiction.

The appeal is dismissed.