**Carl Raymond CRITES et al., Relators,**

v.

**COURT OF CIVIL APPEALS, SECOND SUPREME JUDICIAL DISTRICT,**
**Respondent.**

**No. B–4860.**

Supreme Court of Texas.

Nov. 13, 1974.

Kenneth Beanland, San Antonio, for relators.

L. Royce Coleman, Jr., Denton, for respondent.

POPE, Justice.

This is a mandamus action in which relators Carl Raymond Crites and Home Fund, Inc. seek an order directing the Court of Civil Appeals, Second Supreme Judicial District, to rule on their second motion for extension of time to file a statement of facts. We grant relators' petition for mandamus.

O. D. Garland sued Carl Raymond Crites and Home Fund, Inc. in the district court of Cooke County, Texas, and on February 28, 1974, the court rendered judgment on a jury verdict for Garland. Crites and Home Fund, Inc. timely filed their appeal bond and also the transcript, but they did not file the statement of facts within the sixty days required by Rule 386, Texas Rules of Civil Procedure. They did, however, comply with the rule by timely filing their motion with the clerk of the court of civil appeals for an extension of time. The court of civil appeals held that good cause for the delayed filing existed and extended the filing date to August 21, 1974.

The court reporter delivered the statement of facts to relators' attorney, who represented appellants, sometime prior to August 1, 1974, which was three weeks before the extended filing date. On August 1, relators' counsel who resides in San Antonio, approved and endorsed the statement of facts and sent it to the opposing counsel in Denton for approval. Opposing counsel held the statement of facts until the expiration of the extended filing date, and on August 28, 1974, relators' attorney filed a second motion for extension of time with the court of civil appeals.

Upon the written order of the court of civil appeals, the clerk of that court refused to accept and file the second motion for extension of time. The order stated that the court has no jurisdiction to entertain the second motion after the expiration of the date fixed by the first extension order. In our opinion the court of civil appeals had jurisdiction to act on the motion. Rule 386, Tex.R.Civ.P., governs the time periods and extensions for filing transcripts and statements of fact.

In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe.

The problem is whether the court of civil appeals exhausted its jurisdiction when the first extension order expired on August 21, 1974, on which date there was not yet on file a second motion to extend. Several decisions have held that the court of civil appeals does not lose its jurisdiction to act on a tardy second or later motion for extension of time if the first motion for extension of time was timely filed. Western United Realty Co. v. Shaw, 356 S.W.2d 205 (Tex.Civ.App.1962, writ ref'd); First Nat'l Bank v. Hargrove, 503 S.W.2d 856 (Tex.Civ.App.1973, no writ); Hodges v. Nix, 225 S.W.2d 576 (Tex.Civ.App.1949, writ ref'd n. r. e.). The contrary view has also been expressed. Allen v. United Supermarkets, Inc., 467 S.W.2d 616 (Tex.Civ.App.1971, no writ); Walker v. Kelley, 395 S.W.2d 402 (Tex.Civ.App. 1965, no writ); Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Records, 4 Tex.Tech.L.Rev. 1 (1972).

The judgments in two of the cases which hold that the court of civil appeals does not lose its jurisdiction to act on an out-of-time second motion to extend time have been approved by this court; and our refusal of the writ in Western United Realty Co. v. Shaw, *supra,* means that this court approved both the judgment and the principles of law declared in the opinion. Myers v. Martinez, 160 Tex. 102, 326 S.W.2d 171 (1959).

The three cases which have held that the court of civil appeals had jurisdiction to act on the late-filed second motion for extension of time relied upon the broad language in Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585 (1940). That case was decided under the earlier statute which was carried forward without substantial change into Rule 386. In *Parks,* the first motion for extension of time was made within the sixty-day period, but several subsequent motions were filed. Although the subsequent motions were each filed within the previously extended time, the finding of jurisdiction was not dependent on that fact. In our opinion, the rule announced in *Parks* is a sound one:

Simply stated, our construction is that the intent of the present statute is to

clothe the Court of Civil Appeals with jurisdiction to grant extensions for filing transcripts and statements of fact on motions filed after the seventy-five-day period named in the statute, provided its jurisdiction over the question of extension has first been invoked by a motion filed within such seventy-five-day period. . . . . We interpret such language to mean that when a motion has been filed within the seventy-five-day period named in the statute, the Court of Civil Appeals thereafter has jurisdiction to control the situation, and may prescribe the terms under which the record may be filed in such court. *Id.* at 185–186, 141 S.W.2d at 586.

We hold that the court of civil appeals possessed jurisdiction to entertain the second motion for filing the statement of facts although it was filed seven days after the filing time set by the first extension order. We disapprove those cases which hold to the contrary.

We accordingly grant relators' prayer for writ of mandamus and order the court of civil appeals to withdraw its order prohibiting relators from filing their second motion to extend the time to file the statement of facts. The court of civil appeals should then make its determination whether good cause existed for relators' failure to file the statement of facts by August 21, 1974. We assume the court below will file and consider the relators' second motion for extension of time, and writ of mandamus will issue only upon a refusal to do so.

WALKER, J., dissents.

WALKER, Justice (dissenting).

I respectfully dissent, although I agree that the Court of Civil Appeals had jurisdiction to entertain, and should rule on, the second motion for extension of time to file the statement of facts. This question could and should be presented by application for writ of error, however, after the Court of Civil Appeals dismisses the appeal or affirms on certificate. That remedy would be entirely adequate, and by waiting until the question reaches us in the usual manner we would be in position to consider the merits of the second motion and determine whether relators were prejudiced by the intermediate court's failure to entertain the same.

When the remedy by appeal is adequate, as here, it is my opinion that the time and energy consumed by this Court in attempting to supervise and correct interlocutory orders of trial and intermediate appellate courts can be used to better advantage in considering and deciding important substantive law questions. As we said in Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, interference by mandamus is justified only when parties stand to lose their substantial rights. I would deny the petition for writ of mandamus on the ground that relators have an adequate remedy by appeal. See State v. Archer, 163 Tex. 234, 353 S.W.2d 841.