**GIBRALTAR SAVINGS ASSOCIATION, et al., Appellant,**

v.

**HAMILTON AIR MART, INC., Appellee.**

No. 05–83–00333–CV.

Court of Appeals of Texas, Dallas.

Aug. 31, 1983.

Virginia Belval, Simms, Harpole & Berkel, Houston, for appellant.

John Stooksberry, McKinney, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

## ON MOTION

█ Before us is appellant's second motion to extend the time for filing the statement of facts. Appellee opposes the motion because it was filed more than fifteen days after the time allowed by our order granting the first motion for an extension. That motion was filed within fifteen (15) days after the due date established by TEX.R. CIV.P. 386 and in accord with TEX.R. CIV.P. 21c. The question presented is whether, after one proper motion to extend the time has been granted under TEX.R. CIV.P. 21c and a new date is established, the appellant must also file another motion to extend the time within fifteen days after the extended due date. We hold that rule 21c does not apply to the second motion and thus does not affect our jurisdiction to consider that motion. Accordingly, we grant appellant's second motion to extend and deny the appellee's motion to dismiss this appeal.

The statement of facts was originally due pursuant to TEX.R.CIV.P. 386 on March 25, 1983. On March 31, 1983, appellant requested, and we granted, an extension of time to file the statement of facts until May 1, 1983. The statement of facts was not filed by the latter date, nor was an additional motion filed to extend the time for such filing within fifteen days after May 1, 1983. Appellant filed, however, a second motion to extend the time on May 31, 1983, and an amended motion on June 3, 1983. As a reasonable explanation for the need for additional time in order to file the statement of facts, appellant states that she was preparing for a trial and in the process of moving her office. As a result, the statement of facts was inadvertently forwarded to the clerk of the district court for filing rather than to the clerk of this court. We hold that this states a reasonable explanation of the need for additional time. *See Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977).

█ In its motion to dismiss this appeal, appellee argues that we lack jurisdiction to consider appellant's motion, citing *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982), which held that rule 21c must be read into rule 386 and that, consequently, a motion to extend must be filed within fifteen days after the due date established by rule 386. Thus, that court concluded that the court of appeals lacked jurisdiction of the appeal. We cannot agree, however, that we lack jurisdiction to consider this second motion to extend the time after we granted the first motion filed in compliance with rule 21c. Although the supreme court's decision in *Click* denies us jurisdiction to entertain a first motion to extend the time for filing the statement of facts if no motion to extend is filed within fifteen days pursuant to rule 21c after the due date established by rule 386, neither that opinion nor rules 386 and 21c preclude our jurisdiction here.

Our question, of course, is whether we have *jurisdiction* to consider a second motion to extend after granting a timely-filed motion to extend the time for filing the statement of facts. Without question we had jurisdiction to grant the first extension. Once our jurisdiction attaches, as it did upon the appellant's timely-filed first motion to extend, we find nothing in the rules or in *Click* to divest us of jurisdiction. *See Crites v. Court of Civil Appeals Second Supreme Judicial District,* 516 S.W.2d 123, 124 (Tex.1974); *Parks v. Purnell,* 135 Tex. 182, 141 S.W.2d 585, 586 (1940); and Guittard, PRELIMINARY MOTIONS IN THE APPELLATE COURT, IN THE STATE BAR OF TEXAS, APPELLATE PROCEDURE IN TEXAS § 18.11(3), 403–04 (2d ed. 1979). Certainly, neither the action nor

inaction of a party can divest us of our jurisdiction once that jurisdiction has attached. Indeed, the language of rules 386 and 437 show that the *Click* opinion can apply only to the first motion.

Rule 386 provides:

Rule 386. Time to File Transcript and Statement of Facts

The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed; or, if a timely motion for new trial or to modify the judgment has been filed by any party, within one hundred days after the judgment is signed, subject to the provisions of Rule 428. If a writ of error has been perfected, the record shall be filed within sixty days after perfection of the writ of error. *Failure to file either the transcript or the statement of facts within such time shall not affect the jurisdiction of the court or its authority to consider material filed late, but shall be ground for dismissing the appeal, affirming the judgment appealed from, disregarding materials filed late, or applying presumptions against the appellant, either on motion or on the court's own motion, as the court shall determine.* (emphasis added).

Clearly, by the use of the emphasized language in rule 386, the supreme court expressly did not preclude our jurisdiction even if the material was late filed but instead granted us discretion to apply sanctions. Likewise, rule 437 states:

Rule 437. No Affirmance, Reversal or Dismissal for Want of Form or Substance

*A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities,* provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c. (emphasis added.)

Thus, we conclude that the intent of Rule 437 as shown by this language does not preclude our jurisdiction here. Because *Click* pertained to our jurisdiction to consider a late-filed first motion for an extension beyond the fifteen days allowed by rule 21c, that decision does not apply to a late-filed second motion to extend once our jurisdiction has attached.

Accordingly, appellant's motion to extend is granted and appellee's motion to dismiss is denied.