**BETTER CONSTRUCTION, INC., Appellant,**

v.

**H.E. REEVES, INC., d/b/a Reeves Ready Mix Co., Appellee.**

**No. 04–84–00134–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 15, 1984.

---

George O. Jacobs, Laredo, for appellant.

Fidel Rodriguez, Groce, Locke & Hebdon, San Antonio, Sharon Trigo, James K. Jones, Jr., Laredo, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

██ Before us is appellant's third request for an extension of time in which to file its statement of facts. Pursuant to its second request, we extended the filing time to June 29, 1984. Since the third motion was not filed until the day after the expiration of the Rule 21c[1] 15-day period, we have no authority to grant the requested extension. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982).

Rule 21c provides that we may extend the time for the filing of a statement of facts as long as a motion reasonably explaining the need therefor is filed within fifteen days of the last date for filing the statement. *Click* also holds that a motion for extension of time must be filed within fifteen days of the last date for filing as prescribed by Rule 21c. 638 S.W.2d at 862. The last date for filing is not limited to the last date for filing as counted from the date the judgment was signed. In other words, it is not limited to the Rule 386 period. This "last date for filing" referred to in both Rule 21c and in the *Click* opinion is either the Rule 386 date, *or* the extended filing date set by the court of appeals in response to a proper and timely Rule 21c motion.

Under this interpretation, the last date for filing in the instant case was June 29, 1984. Since appellant's third motion for extension of time was filed beyond the Rule 21c period as calculated from June 29, we have no authority to consider the motion.

We realize that our holding is in conflict with *Gibraltar Savings Association v. Hamilton Air Mart, Inc.*, 662 S.W.2d 632 (Tex.App.—Dallas 1983, no writ). That opinion held that a court of appeals has jurisdiction to consider a second or subsequent motion for extension of time no matter when it is filed. It held that since *Click* pertained only to a first motion for extension of time, it did not apply to a late filed second motion following a timely filed first motion. While we agree that the facts of *Click* involved a first motion for extension of time, we do not agree that a first motion, timely filed, relieves appellants of any duty to comply with Rule 21c thereafter, and that we may be expected to consider a subsequent motion no matter when it is filed. As the supreme court pointed out in *Click*, Rule 21c accomplishes an important purpose by fixing the date a judgment becomes final. 638 S.W.2d at 862. The evil the supreme court felt had been remedied by its interpretation of Rule 21c would only be compounded by the result reached in *Gibraltar*.

██ The *Gibraltar* court relied in its opinion on its interpretation of Rules 386 and 437. While Rule 386 allows us to consider material filed late, the supreme court was careful to point out that the rule does not purport to furnish any time limits for filing a motion for extension of time. 638 S.W.2d at 862. We may consider late filed material, but only if a proper and timely Rule 21c motion has been granted. Rule 437 explicitly prevents an enlargement of time except as provided by Rule 21c.

*Gibraltar* also cites two supreme court cases in support of its holding. *Crites v. Court of Civil Appeals, Second Supreme Judicial District*, 516 S.W.2d 123 (Tex. 1974); *Parks v. Purnell*, 135 Tex. 182, 141 S.W.2d 585 (1940). Both are distinguishable. In *Crites*, appellant's second motion for extension of time was filed within the Rule 21c period, seven days after the filing time set by the court in its first extension order. Likewise, in *Parks*, the subsequent motions for extension of time were each filed within the extended dates previously set by the court.

The motion for extension of time is denied.

---

**1.** All references to rules are to the Texas Rules of Civil Procedure.