BEST REAL ESTATE, INC., Appellant,

v.

INVESTORS INTERNATIONAL,
INC., Appellee.

No. 08–84–00392–CV.

Court of Appeals of Texas,
El Paso.

April 24, 1985.

Don Hagans, Robert L. Wright, John
Gates, Hagans, Ginnings, Birkelbach, Keith
and Delgado, El Paso, for appellant.

Ronald Calhoun, Calhoun, Morton and
Villa, El Paso, for appellee.

## OPINION ON MOTIONS

STEPHEN F. PRESLAR, Chief Justice.

The Appellee, Investors International,
Inc., has filed a motion to dismiss the above
cause on the grounds that no statement of
facts has been filed in this case, and Appel-
lant has filed a third motion for extension
of time to file the statement of facts.

The record was due in this Court on
November 15, 1984. The transcript was
filed on that date. On November 7, 1984,
the parties filed a joint motion for exten-
sion of time to file the statement of facts;
the motion was granted and the filing date
extended to December 31, 1984. On Janu-
ary 10, 1985, the Appellant filed a motion
to extend the time for filing the statement
of facts for an additional sixty days. That
motion was granted and the time extended
to March 1, 1985. The statement of facts
was not filed by that deadline, but a third
motion has been filed to further extend the
time for filing the statement of facts. This
motion was filed March 28, 1985.

On March 18, 1985, the Appelee filed the
pending motion to dismiss the appeal and
the Appellant has filed a response to it, and
Appellee has filed a response to Appellant's

motion for an extension of time. We will consider both motions together.

■ The appeal may not be dismissed because there is before the Court a timely filed transcript and any reversible error appearing therein could result in the case being reversed, even without a statement of facts. The motion to dismiss is denied.

We are faced with divergent holdings on the issue of whether or not we may now grant an additional motion to extend the time for filing the statement of facts in this case. *Gibraltar Savings Association v. Hamilton Air Mart, Inc.*, 662 S.W.2d 632 (Tex.App.—Dallas 1983, no writ) holds that if an original motion for an extension of time to file the record is timely and is granted, a court may grant any subsequent motion for an extension of time regardless of when it is filed. A holding to the contrary, *Better Construction, Inc. v. H.E. Reeves*, 675 S.W.2d 612 (Tex.App.—San Antonio 1984, no writ), holds that any motion to extend a time for filing the record must be filed in compliance with Rule 21c, Tex.R. Civ.P.; thus any motions after the original motion must be filed within fifteen days after the expiration of the prior extension period.

■ That becomes the precise question before us—must a subsequent motion for extension of time be filed within fifteen days of the expiration date previously granted? We hold that it must. It is a difficult decision because the affidavit of the court reporter gives a reasonable explanation, within the meaning of Rule 21c (all references to the rules are Tex.R.Civ.P.). But the question of reasonable explanation is not reached until it is brought before the court, and in this case there has been no compliance with the procedure for doing that. Those procedures are necessary for an orderly disposition of cases, and in an instance like this, for the finality of judgments.

■ Under the last extension, the statement of facts in this case was due March 1. The motion for further extension was not filed within fifteen days of that date. It was filed March 28. We are without authority to consider it. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982) holds that a Court of Appeals is without authority to consider a motion for extension of time to file the record unless it is filed within fifteen days of the last day for filing as prescribed by Rule 21c. In the *Gibraltar Savings Association* case, the court reasoned that once the first motion is timely filed its jurisdiction attaches and it can then consider a second motion no matter when it is filed; it was noted that *Click* was a first motion case and that there was nothing in it or the rules that divested the court of jurisdiction to consider the untimely filed second motion. The problem with that position is that there would be no finality of judgment; that is an "important purpose" of Rule 21c said the Supreme Court in *Click*. The *Gibraltar* court also relied on the provision of Rule 386 that the court may consider material filed late. In *Click*, the Supreme Court resolved any question of conflict between Rule 21c and 386, noting that there are no time limits prescribed by 386. Rule 386 has been amended (effective April 1, 1984) by deleting the language that late filing shall not affect the court's authority to consider material filed late and adding the provision: "The court shall have no authority to consider a late filed transcript or statement of facts, except as permitted by Rule 21c." See: *Garrity v. Holiday Inns, Inc.*, 664 S.W.2d 854 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.). In electing to follow *Better Construction, Inc. v. Reeves* instead of *Gibraltar*, we note, as did the San Antonio court, that the two Supreme Court cases relied on by the *Gibraltar* court are readily distinguishable. In *Crites v. Court of Civil Appeals, Second Supreme Judicial District*, 516 S.W.2d 123 (Tex.1974), Appellant's second motion for extension of time was filed within the fifteen day provision of Rule 386 as it then existed; it was filed seven days after the end of the court's first extension. *Parks v. Purnell*, 141 S.W.2d 585 (Tex.1940), was a case out of this Court in which the Supreme Court overturned our holding that there could be no further mo-

tions after the first one allowed in the fifteen day period; also, the subsequent motions were filed within the extended dates previously set by the Court, contrary to the case before us.

■ Rule 437, while providing that a judgment shall not be affirmed or reversed or an appeal dismissed for irregularities in appellate procedure without allowing a reasonable time for correction, says "provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except pursuant to Rule 21c." With the continuation of this rule in its present form and the amendment of Rule 386, effective April 1, 1984, there can be no doubt but that Rule 21c exclusively controls the granting of motions for extension of time to file the appellate record. And in order that there be some finality of judgments, it must be applied to each subsequent, as well as initial, motion for extension of time for filing the appellate record. As Justice Barrow said in speaking for the court in *Click:*

> It must be recognized that the time limits prescribed by Rule 21c accomplish an important purpose by fixing the date a judgment becomes final. Valuable property and personal rights are fixed as of that time. If a record may be filed at any time after the cost bond is timely filed, a successful litigant will not know when the judgment becomes final.

The motion for extension of time to file the statement of facts is denied. The motion to dismiss the appeal is denied.

WARD, Justice, dissenting.

I respectfully dissent from that part of the opinion holding that we are without jurisdiction to entertain the third motion to extend the time to file the statement of facts. To hold that the "last date for filing" referred to in Rule 21c(1) is the extended filing date previously set by the Court of Appeals is to read into the rule a meaning that is not there. The rule is referring to the last date for filing "as prescribed by the applicable rule or rules."

It says nothing about a previous court order. The rule should be changed before it is used to trap a reputable lawyer in his good faith effort to present his appeal. That reasonable approach was adopted by a unanimous Supreme Court in *Crites v. Court of Civil Appeals, Second Supreme Judicial District,* 516 S.W.2d 123 (Tex. 1974). Granted, that was a pre-Rule 21c holding, but its spirit should still apply.

In this connection, both the majority and the San Antonio court reason that the second motion for extension of time which was filed in the *Crites* case was filed either within the fifteen-day Rule 21c period or the fifteen-day old Rule 386 period. Hardly; Rule 21c did not become effective until over a year after *Crites* was decided and no mention was made in *Crites* to such a limitation under old Rule 386.

The Appellant again presents a reasonable explanation for additional time to file his statement of facts and again it's a court reporter's fault. We should grant the motion and act against the court reporter.