**FOREST LANE PORSCHE–AUDI ASSOCIATES, Appellants,**

v.

**F. Russell DEFRIES, Appellee.**

**No. 05–86–00524–CV.**

Court of Appeals of Texas, Dallas.

April 3, 1987.

Christine R. Cole, Dallas, for appellants.

Randy Roberts, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Forest Lane Porsche-Audi Associates appeals from a judgment notwithstanding a jury verdict by asserting that the evidence was sufficient to support the jury verdict. We overrule Forest Lane's point of error because the record contains no statement of facts; the judgment of the trial court is affirmed.

There is no record of a statement of facts being filed in this Court. The appellant has the duty to cause the statement of facts to be filed in the appellate court. TEX.R.APP.P. 53(k). On February 25, 1987, the day before the submission of the appeal to this Court, Forest Lane tendered a copy of the statement of facts with a

motion entitled "Emergency Motion to Substitute Copy of Statement of Facts," in which it asserts that the original statement of facts was filed on May 18, 1986, and that it was subsequently lost or misplaced by this Court.

In support of its motion Forest Lane has attached two affidavits. One affidavit is that of Forest Lane's attorney stating that he gave the original statement of facts to an employee in the Dallas County Clerk's office who assured him that she would file it with the transcript in this Court. The attorney states that he subsequently received notice from this Court that the transcript had been filed and assumed that the statement of facts had also been filed. The second affidavit is that of the employee of the Dallas County Clerk's office who routinely prepares and delivers county court transcripts to this Court for appeal. She states that Forest Lane's attorney requested that she deliver to this court the statement of facts when she filed the transcript. She states that she did file both records.

Forest Lane's motion can be construed in three different ways. First, literally, it can be construed as a motion to substitute a copy of the statement of facts for the "lost or misplaced" original. We have reviewed the affidavits in accordance with Texas Rules of Appellate Procedure 19(d),[1] which states:

> Motions dependent on facts not apparent in the record and not ex officio known to the court must be supported by affidavits or other satisfactory evidence.

The allegations contained within the affidavits conflict with this Court's case docket records. This Court's record does not indicate that the statement of facts was filed, much less that the original was lost. The Court has no record that the statement of facts was ever tendered, received, or entrusted to our clerk's safekeeping, and Forest Lane has offered no direct documentary evidence contemporaneous with the time it

---

1. Formerly Rule 406, Texas Rules of Civil Procedure:

    Motions made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex-officio known to the court, must be supported by affidavits or other satisfactory evidence.

    The language restricting the Rule to motions to sustain or defeat the jurisdiction of the court was deleted by a 1984 amendment.

claims to have tendered the statement of facts.

In short, this Court's own records reflect only that the statement of facts was never tendered to the clerk in any way. When the record before the Court is clear, it cannot be controverted by affidavit. In *Holder v. Scott*, 396 S.W.2d 906, 910 (Tex. Civ.App.—Texarkana 1965, writ ref'd n.r.e.) (op. on reh'g), the issue was whether an Arkansas divorce was void. The appellee submitted an affidavit that the parties stipulated, at trial, that the divorce decree was valid. The court of appeals, however, could find no indication of such a stipulation in the record proper. It held that the court was without jurisdiction to go beyond the record as presented, to consider a controverting affidavit. *See also G. & H. Equipment Co. v. Alexander*, 533 S.W.2d 872, 878–79 (Tex.Civ.App.—Fort Worth 1976, no writ); *Gist v. Holt*, 173 S.W.2d 216, 217 (Tex.Civ.App.—Beaumont 1943, writ dism'd w.o.m.). We must conclude that, since the record properly before us shows that no statement of facts was ever tendered to us, any affidavit to the contrary is ineffective. Our record may not be impeached by subsequent affidavit.

Second, the motion may be construed as a motion for extension of time to file the statement of facts. Rule 54(a) of the Texas Rules of Appellate Procedure (formerly Tex.R.Civ.P. 386) states that the appellate court shall have no authority to consider a late filed statement of facts, except as permitted by the rule. An extension of time to file the statement of facts may be granted if a motion is filed not later than fifteen days after the last date for filing the record. TEX.R.APP.P. 54(c) (formerly Tex.R.Civ.P. 21c). Final judgment was issued on March 14, 1986, and there was a timely motion for new trial; the latest date to file timely for an extension would have been July 7, 1986. Before this Court can consider the explanations within the affidavits, it must be determined if authority exists for this Court to consider the motion. *See Best Real Estate, Inc. v. Investors International, Inc.*, 691 S.W.2d 751, 752 (Tex.App.—El Paso 1985, no writ).

Forest Lane's February 25, 1987 motion for extension of time to file the statement of facts was not timely filed and, therefore, this Court does not have authority to consider such a motion. *See Trans-Continental Properties, Ltd. v. Taylor*, 717 S.W.2d 890, 891 (Tex.1986); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982).

Third, the motion may be construed as a motion to compel the clerk of this court to accept the tendered statement of facts. However, there is no authority for accepting the late filing since the motion to extend time to file the statement of facts, which would authorize the motion to compel, was not timely filed. As the motion is not valid under any construction, we must deny it.

In absence of a statement of facts it must be presumed on appeal that the evidence supports the verdict and the judgment of the trial court. *Thompson v. Republic Acceptance Corp.*, 388 S.W.2d 404, 405 (Tex.1965); *Strickland v. Strickland*, 647 S.W.2d 70, 71 (Tex.App.—Waco 1983, no writ). Forest Lane's point of error is overruled and the judgment of the trial court is affirmed.