JAY S. MYERS, COUNTY JUDGE ET AL V.
FRANCISCO J. MARTINEZ ET AL.

No. A-7246. Decided July 29, 1959.
(326 S.W. 2d Series 171)

*Andrew P. Johnson,* Carrizo Springs, *M. A. Childers,* of San Antonio, for petitioners.

*Looney, Clark, Mathews, Thomas & Harris,* and *R. Dean Moorhead* of Austin, *Petry, Claybrook & Phair,* of Carizzo Springs, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals is found in 320 S.W. 2d 862.

1 On original consideration we stamped the application for writ of error "Refused," thereby finding that the judgment of the Court of Civil Appeals was a correct one and that the principles of law declared in the opinion were correctly determined. Rule 483, Texas Rules of Civil rocedure.

2 On further consideration it now appears to us that the opinion of the Court of Civil Appeals is susceptible to the interpretation that the Legislature is without constitutional power to enact a law prohibiting wet justice precincts and incorporated cities and towns in dry counties, if, indeed, that is not the clear implication of the opinion. The implication is found in that part of the opinion in which it is stated: *"It is plain from the provisions of the 1935 amendment* and the statute enacted thereunder, *that the Legislature in submitting the constitutional amendment* and enacting the statute, *and the people in adopting the 1935 amendment, intended that counties, justice precincts and incorporated cities or towns should be on an equal footing,* and that by complying with the provisions of the law either of them might hold an election at any time to either 'legalize' or 'prohibit' the sale of alcoholic beverages, in keeping with the provisions of Sec. 40, art. 666, Vernon's Ann. Penal Code."

The judgment of the Court of Civil Appeals is correct in so far as it rests upon a holding that Article 666-32, Vernon's Annotated Penal Code, *permits* wet justice precincts and incorporated cities and towns in dry counties and that the statute was authorized by the 1935 constitutional amendment, but it is unnecessary to decide whether a statute prohibiting wet areas in dry counties would be unconstitutional. The motion for rehearing is overruled but our notation "Refused" is withdrawn from the application and it is stamped "Refused. No Reversible Error."

Opinion delivered July 29, 1959.