

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 12, 1973

The Honorable M. D. Emerson
County Attorney
Lamar County
Paris, Texas 75460

Dear Mr. Emerson:

Opinion No. H- 145

Re: Construction of Article
666-32 1/2(b), Vernon's
Texas Penal Code, local
option election deposit

You have asked if a deposit of money, paid under Article 666-32 1/2(b)
of Vernon's Texas Penal Code by private individuals for the calling of a
local option election to legalize the sale of alcoholic beverages for off pre-
mises consumption, should be refunded if no local option election had been
held in that political subdivision for many years. You advise:

"Paris is an incorporated city in Lamar County.
A 'Petition For Local Option Election To Legalize' was
supplied applicants. . . . Applicants were required by
the County Clerk to deposit, in cash, $2,366.75, pursuant
to Art. 666-32 1/2(b). The election was held in April,1972,
and the measure was defeated. . . . [P]rior to the holding
of the election, applicants made request of the County Clerk
to refund the cash deposit of $2,366.75 on the grounds that
no local option election had been held in the City of Paris
within the one year period immediately preceding the elec-
tion in Paris. . . .

"There has been no local option election held in the
City of Paris for many years prior to the election of April
of this year, mentioned above. However, a similar local
option election was held in Lamar County in a small City
newly incorporated. . . within the one year period imme-
diately preceding the filing of the petition . . . , and another
such election was held in [another] . . . City . . . in Lamar
County also within the one-year period. Both are the same
type of political subdivision as the City of Paris."

Article 666-32 1/2 of Vernon's Penal Code provides, in pertinent part:

"(a) The expense of holding any local option election authorized by the Texas Liquor Control Act in any county, justice precinct or incorporated city or town shall be paid by the county, but the expense to the county shall be limited to the holding of one election in each of the above political subdivisions within a one-year period where the intent of the election is to legalize the sale of alcoholic beverages . . . . All other local option elections, excepting the aforementioned one election in a one-year period with intent to legalize the sale of alcoholic beverages. . . shall be paid by the county from funds derived by the county as prescribed in Subsection (b) of this section as follows:

"(b) When the application for an election in a county, justice precinct or incorporated city or town is presented, the county clerk at the time and before the issuance of any petition for a local option election shall require a deposit in the form of a cashier's check in the aggregate amount of twenty-five cents per voter . . . . The money so received shall be deposited in the county's general fund, and no refund shall be made to the applicants regardless of whether the petition is returned to the county clerk or the election is ordered. When there is presented to the county clerk an application which must be accompanied by a deposit, the county clerk shall not issue a petition to the applicants unless and until the deposit is made, and a county clerk who issues a petition upon such an application without first receiving the deposit is guilty of a misdemeanor. . . ." (emphasis added)

It Attorney General Opinion M-724 (1970), it was decided that a deposit made with the county clerk pursuant to Article 666-32 1/2(b) with an application for a "local option election" in a county which had not had such an election in the preceding one-year period should be refunded to the depositor.   Article 666-32 1/2(a) was construed as stating that if no local option election had been held in the preceding one-year period in the same political subdivision, the expense of the election is that of the county.   If there had been such an election in the prior one-year period in that political subdivision, the paragraph (b) requirement for a deposit would become mandatory.   The use of the phrase "an application which must be accompanied by a deposit" was interpreted as an implied recognition that there are applications which do not require such deposits. Any other construction would change the statute into an "application fee" statute, Opinion M-724 pointed out, and because of the failure to adequately describe it as such in the caption of the legislative act in which it was included, would render it invalid.   (Article 3, § 35, Constitution of Texas).

The question of which political subdivisions can hold local option elections is settled by Article 16, § 20, of the Texas Constitution.   Counties, justice's precincts, and incorporated cities or towns are on an equal footing. See Article 666-32, V. T. P. C., as amended (Acts 1973, 63rd Leg., ch. 219, p. 508); Myers v. Martinez, 320 S. W. 2d 862 (Tex. Civ. App., San Antonio, 1959), error ref. n. r. e., 326 S. W. 2d 171 (Tex. 1959).   Compare Perkins v. State, 367 S. W. 2d 140 (Tex. 1963); Warren v. Moore, 337 S. W. 2d 395 (Tex. Civ. App., Amarillo, 1960, writ dism.).   Also see Attorney General Opinion M-931 (1971).   Therefore, we believe the one-year limitation applies separately to each particular such subdivision.

In our opinion, the private individuals calling for a local option election in Paris should not have been required to make a deposit with the county clerk, and such deposit should be refunded.

## SUMMARY

Because there had been no local option liquor election in the City of Paris within a one-year period, no deposit of money should have been required under

Article 666-32 1/2(b) of private individuals calling for a local option election to legalize the sale of alcoholic beverages for off premises consumption, and the amount paid should be refunded.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee