**TOWN OF OAK POINT, Texas,**

v.

**STATE of Texas, ex rel. Clyde T. McWILLIAMS et al.**

No. 18042.

Court of Civil Appeals of Texas, Fort Worth.

June 22, 1978.

Rehearing Denied Sept. 7, 1978.

Shirley W. Peters, Denton, for appellant.

Jerry Cobb, County Atty. of Denton County, Gray, Whitten & Loveless and Michael J. Whitten, Denton, for appellees.

OPINION

MASSEY, Chief Justice.

The State of Texas filed this suit in *Quo Warranto* against the Town of Oak Point, Texas, challenging its incorporation as a municipality (town) as originally organized, also the first annexation of territory thereto, and likewise the second annexation made thereafter.

The challenge was that the petitions forming the basis of each of the organizational and annexation ordinances had not been signed by the majority (at pertinent times) of the qualified electors who resided in the territory of the respective petitions.

Trial was to a jury which, oddly, in that the burden on the issues seemed to have been misplaced (of which there is no complaint on appeal), answered "We do not" to the questions relative to whether the majority of the qualified electors had signed the petitions for annexation and thus voted for annexation.

Based upon the jury's verdict judgment was rendered invalidating everything attempted to be done in connection with the organizational and annexation activities, as a municipality, of the Town of Oak Point, Texas. Therefrom Oak Point appealed.

We reverse.

At submission Oak Point has filed its brief; the State has not. Any statement made by an appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party. Tex.R.Civ.P. 419, "Briefs: Statements Not Challenged Accepted". The statements in the original brief are found sufficient to our needs in passing upon the appeal, and, not having been challenged, are accepted as representative of the facts and the procedure in the trial court.

In due time Oak Point filed its motion for instructed verdict, which was by the court overruled. The same occurred as applied to the motion for new trial filed by Oak Point.

By unchallenged statements in the brief of Oak Point the following is made to appear:

a. of the 17 qualified electors at time of the organization of the municipality 11 voted in favor of the annexation (organization).

b. of the 14 qualified electors at the time of the first annexation of territory to the municipality after it had been organized 8 voted in favor of the annexation.

c. of the 19 qualified electors at the time of the subsequent annexation of territory to the municipality° after such initial annexation of additional territory 10 voted in favor of the annexation.

Therefore there was error in the jury findings and in the judgment based thereon upon the theory that fewer than a majority of the qualified electors had acted in connection with the organization of Oak Point as a municipality and in the subsequent annexation of territory. Further, there was error by the trial court in the refusal and failure to grant the motion for instructed verdict filed by Oak Point.

Judgment is reversed. Judgment is here rendered that the State of Texas, on relation of Clyde T. McWilliams, Lucille Anderson, Tommy Williams, Gene C. Smith, and Shirley Smith, take nothing by suit in the nature of *Quo Warranto*, as filed against Town of Oak Point, Texas.