**STATE of Texas ex rel. Clyde T. McWILLIAMS et al., Petitioners,**

v.

**TOWN OF OAK POINT, Texas, Respondent.**

No. B–7970.

Supreme Court of Texas.

March 28, 1979.

461

Jerry W. Cobb, County Atty., Gray, Whitten & Loveless, Michael J. Whitten, Denton, for petitioners.

Shirley W. Peters, Denton, for respondent.

BARROW, Justice.

The question presented by this quo warranto proceeding is whether an inhabitant of the territory sought to be annexed under the provisions of Article 974[1] must be a "registered voter" in order to vote in the type election prescribed by this statute. The trial court held that the inhabitant, if

1. Article 974, Texas Revised Civil Statutes Annotated, provides:
    "When a majority of the inhabitants qualified to vote for members of the state legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance, receive them as part of said city; from thenceforth the territory

otherwise qualified, need not be registered, and since a majority of the inhabitants otherwise qualified to vote had not signed the petition favoring annexation, the annexation ordinance was held void. The court of civil appeals, although not directly addressing the pivotal question before us, reached a contrary result. 574 S.W.2d 785. We hold that the inhabitant must be registered to vote and affirm the judgment of the court of civil appeals.

The State of Texas, acting through the County Attorney of Denton County, upon the relation of Clyde T. McWilliams and four other persons brought this quo warranto proceeding against the Town of Oak Point to have three annexation ordinances declared invalid. These ordinances were passed on March 21, April 25, and May 31, 1977 and represent the second attempt to annex these adjoining lands. The first attempt was stipulated to be void and is not involved in this appeal. The challenge to the annexations was that the three petitions filed under Article 974 which forms the basis of the ordinances had not been signed by a majority of the qualified electors who resided in any of these territories.

At the conclusion of the evidence, the trial court overruled respondent's motion for an instructed verdict and submitted three issues to the jury. These issues were in the same form except each inquired about a different territory to be annexed and each was answered as follows:

"Do you find from a preponderance of the evidence that a majority of qualified electors[2] who reside in the territory de-

so received shall be a part of said city; and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and bound by the acts and ordinances made in conformity thereto and passed in pursuance of this title." (Emphasis ours)

2. The trial court instructed the jury as follows:
    "2. You are instructed that our law provides that the following classes of persons shall not be allowed to vote in this State, to-wit:
    (1) Persons under eighteen (18) years of age.
    (2) Idiots and lunatics.
    (3) Paupers supported by any County.

scribed (each of the three territories sought to be annexed), signed the petition for annexation and thus voted in favor of annexing that territory to the Town of Oak Point, Texas?

Answer: 'We Do Not' "

The parties now agree that the evidence conclusively establishes that each of the three petitions was signed by a majority of the inhabitants of the respective territory covered by each petition who were REGISTERED to vote at the time of signing the petition. However, if registration was not required, there was not a majority of the qualified electors who signed any of the three petitions.

■ It is well established that Article 974 does not require a formal election by ballot-box to determine the will of the inhabitants of the territory desiring annexation. This rule was established by this Court in *Graham v. City of Greenville*, 67 Tex. 62, 2 S.W. 742 (1886) wherein a "vote" by petition was upheld. We said:

"Neither article 503 [the predecessor to article 974] of the Revised Statutes, nor any other law of our state, provides in terms that the will of the inhabitants of the territory proposed to be added to an adjoining city shall be ascertained at an election held as in cases of elections by the people. The article recited does not provide for an order for an election, nor by whom it is to be issued, nor for any notice to be given, nor the time, place, and manner in which it shall be held, nor to whom the returns shall be made. In fact, none of the machinery provided in cases of popular elections, and none of the safeguards thrown around the ballot-box to obtain a fair expression of the popular will, are prescribed by this article; and we look in vain for them in other portions of our statute law."

(4) All persons convicted of a felony, subject to such exceptions as the legislature may make.

"Every person subject to none of the foregoing disqualifications who shall be a citizen of the United States and who shall have resided in this State thirty (30) days next preceding an election and the last thirty (30) days within the district or county in which such person offers to vote, shall be deemed a qualified elector;

This holding was expressly adopted in *State v. City of Waxahachie*, 81 Tex. 626, 17 S.W. 348 (1891) wherein a petition signed by a majority of the voters residing in the annexed territory was held sufficient compliance with the statute although there had been no election and no ballot-box voting by the qualified electors residing in said territory. *See also, Universal City v. City of Selma*, 514 S.W.2d 64 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.).

We have found only one case which considered the question before us as to the meaning of the statutory provision requiring "a majority of the inhabitants qualified to vote for members of the State Legislature." In *City of West University Place v. State*, 56 S.W.2d 1081 (Tex.Civ.App.—Galveston 1932, writ ref'd), the jury found that two of the signers of the petition for annexation had not paid their poll tax for 1928 and that neither was an inhabitant of the territory. The court of civil appeals affirmed the judgment of the trial court which voided the annexation after concluding:

"We have reached the conclusion that there was ample evidence to support the findings of the jury that neither Mr. nor Mrs. Blankenbecker were qualified voters in the territory seeking to be annexed, and that neither of them was an inhabitant of such territory."

■ In view of the holding that these two persons were not inhabitants of the territory, the holding that they were not qualified voters because of their failure to pay poll tax was not actually necessary to the judgment of the court. However, since the case was decided after 1927, this Court's denial of the application with an outright

provided, however, that before offering to vote at an election a voter shall have registered, but *such requirement for registration shall not be* considered a qualification of an elector within the meaning of the term 'qualified elector'. All persons who have registered to vote are presumed to have all qualifications of electors until the contrary is shown by a preponderance of *the evidence.*"

"refusal" indicated that not only was the judgment of the court of civil appeals a correct one, but that the principles of law declared in the opinion of that court were correctly determined. Tex.Rev.Civ.Stat. art. 1728 (1925), as amended by 1927 Tex. Gen.Laws, ch. 144, at 214, now Rule 483, Tex.R.Civ.Pro.; *Myers v. Martinez*, 160 Tex. 102, 326 S.W.2d 171 (1959).

Since "registration" of a voter was substituted for the "poll tax" as a requirement for voting by the 1967 amendment to Article VI, Section 2 of the Texas Constitution, it would follow that under the holding in the *West University Place* case, "registration" would be required before an inhabitant would be qualified to vote under Article 974.

The qualifications of an "elector" and the requirements for "registration" are set forth in Article VI, Section 2 of the Texas Constitution as follows:

"Every person subject to none of the foregoing disqualifications [3] who shall have attained the age of twenty-one (21) [4] years and who shall be a citizen of the United States and who shall have resided in this State one (1) year next preceding an election and the last six (6) months within the district or county in which such person offers to vote, shall be deemed a qualified elector; provided, however, that before offering to vote at an election a voter shall have registered annually, but such requirement for registration shall not be considered a qualification of an elector within the meaning of the term 'qualified elector' as used in any other Article of this Constitution in respect to any matter except qualification and eligibility to vote at an election."

It is significant that the Legislature in enacting Article 974 did not require a majority of the inhabitants who were "quali- fied electors" in the territory to favor annexation, but required a majority of inhabitants who were "qualified to vote for members of the State Legislature." It cannot be seriously questioned that the Texas Constitution and Election Code require registration before a person can vote for members of the State Legislature. *See* Tex. Const. art. VI, § 2; and Tex.Elec.Code Ann. art. 5.02. We recognize that by requiring that the inhabitants be "registered voters" the legislature provided a ready means of ascertaining the number of persons eligible to vote for annexation. Without such a requirement, it would be very difficult for the city council to determine if a majority of the inhabitants favored annexation.

We, therefore, hold that Article 974 requires that the inhabitants of the territory to be annexed be qualified electors who have registered to vote. Since petitioners concede that a majority of the inhabitants in each of the three annexed territories who meet this test signed the petitions favoring annexation, the court of civil appeals properly entered judgment that petitioners take nothing by this quo warranto suit against the Town of Oak Point, Texas.

The judgment of the court of civil appeals is affirmed.

---

3. Article VI, Section 1 of the Texas Constitution, after giving effect to the 26th Amendment to the United States Constitution, provides that the following classes of persons shall not be allowed to vote:
    1. Persons under eighteen (18) years of age.
    2. Idiots and lunatics.

3. All paupers supported by any county.
4. All persons convicted of any felony, subject to such exceptions as the Legislature may make.

4. The 26th Amendment to the United States Constitution mandates that this age be lowered to eighteen (18) years.